# Exhibit D

U.S. deeply disappointed Mexico closed probe of ex-defense minister | Reuters

 REUTERS® 

January 16, 2021 8:59 AM PST Last Updated 2 years ago

**Americas**

# U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister

**By Reuters and Mark Hosenball, Anthony Esposito**

5 minute read

    





Mexico's then defense minister, General Salvador Cienfuegos, addresses an audience during the 50th anniversary of the Plan of Assistance to the Population in case of Disaster (Plan DN-III-E) in Mexico City, Mexico July 12, 2017. REUTERS/Carlos Jasso

WASHINGTON, Jan 16 (Reuters) - The U.S. Department of Justice (DOJ) said it is "deeply disappointed" by Mexico's decision to close its investigation of ex-Defense Minister Salvador Cienfuegos, after the Mexican attorney general decided not to press charges.

The decision, which Mexican President Andres Manuel Lopez Obrador publicly bac  Friday, and a document dump by Mexico's government of U.S. evidence against Cienfuegos, threatens to strain strategic U.S.-Mexico security ties.

On Friday, on Lopez Obrador's instructions, the foreign ministry tweeted the link to a 751-page document that included detailed logs of alleged Blackberry communications. **read more**

Register now for FREE unlimited access to reuters.com          **Register**

A DOJ spokesperson late Friday called the decision to publicize information shared with Mexico in confidence deeply disappointing.

"Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations," the DOJ said.

Mexico's foreign ministry declined to comment on the DOJ's statement.

Lopez Obrador said he ordered the whole archive of documents released to the public because he wanted "complete transparency."

Late on Saturday, Mexico released another massive cache of documents online relating to the case. The files comprised thousands of pages, though many of them were heavily redacted.

Friday's released document includes text messages, often misspelled, between "Thor", "Superman", "Spartacus", "Samantha", and "Iron Man," suspects being tracked by U.S. Drug Enforcement Administration (DEA) agents in 2015 and 2016 whose chatter apparently identified Cienfuegos as an ally of drug cartels during the previous government.

It was not immediately clear what evidence was in the communications to show wrongdoing by Cienfuegos, however.

"Those conversations are not a smoking gun against Cienfuegos. But are they completely exculpatory? I don't think so either," said Mexican security analyst Alejandro Hope.

Hope said there was likely more evidence that was not included in the data dump.

John Ackerman, a doctor in constitutional law at the National Autonomous University of Mexico and vocal supporter of Lopez Obrador, was more critical.

"I will never defend Cienfuegos. The army committed all kinds of atrocities during the administration of Enrique Pena Nieto, but the DEA's 'evidence' is frankly a joke," Ackerman said on Twitter, suggesting the Blackberry messages were "written by a third- or fourth-rate narco or soldier."

The situation could put other probes and court cases in which Mexico needs U.S. collaboration at risk.

"Now they have created a major, major source of friction with the U.S., and that could really hobble not only this investigation but other investigations that President (Lopez Obrador) is really keen on," said Hope.

Cienfuegos, who was minister from 2012 to 2018 during the government of former President Pena Nieto, was arrested in October at Los Angeles airport on charges he worked with a powerful drug cartel.

U.S. prosecutors later dropped the case and returned him to Mexico to be prosecuted, with Lopez Obrador's administration vowing a thorough investigation of the case.

On Thursday, less than two months after Cienfuegos' return from the United States, Mexico's attorney general office concluded that he had no contact with members of the criminal organization and said it will not pursue criminal charges. **read more**

The DOJ spokesperson said the department "fully stands by its investigation and charges in this matter," that the documents show the case against Cienfuegos was not fabricated, and the information was lawfully gathered in the United States through a proper U.S. court order, in full respect of Mexico's sovereignty.

"A U.S. federal grand jury analyzed that material and other evidence and concluded that criminal charges against Cienfuegos were supported by the evidence."

Register now for FREE unlimited access to reuters.com

**Register**

Reporting by Mark Hosenball in Washington; Writing by Anthony Esposito Editing by Alistair Bell

Our Standards: **The Thomson Reuters Trust Principles.**

## More from Reuters



Pope visits refugees on a troubled Greek island

Gambians vote with marbles in test for stability

School shooting suspect's parents 'fled police'

Over 40,000 march in Vienna against lockdown

Thousands in Belgrade protest controversial land laws

## Read Next

Healthcare & Pharmaceuticals

**Omicron may raise re-infection risk; booster protection documented**

12:55 PM PST

---

Americas

**Brazil's Petrobras to drill first well at Equatorial Margin in 2022 - executive**

12:47 PM PST

---

European Markets

**Dollar up against safe havens as risk sentiment improves on Omicron news**

12:07 PM PST

---

Commodities

**Brazil eyes $1.17 trillion halal food market, keen to boost its share in trade**

11:45 AM PST



## Sign up for our newsletter

Subscribe for our daily curated newsletter to receive the latest exclusive Reuters coverage delivered to your inbox.

**Sign up**

## Sponsored Content

Dianomi



### The Worst Way to Withdraw From Retirement Accounts

Sponsored by smartasset



### Get a 0% Intro APR on Balance Transfers for 15 Months

Sponsored by Citi Rewards+®Card



### You've been helping clients plan. Now plan your next career move.

Sponsored by J.P. Morgan Private Bank



### 4 Tax Mistakes to Avoid

Sponsored by Charles Schwab

## Americas

Americas · 3:10 AM PST

# Analysis: Peru's Castillo plays whack-a-mole with crises as impeachment threat looms

Political crisis in brewing in Peru - yet again.

---

Americas

**Analysis: Hopes for Argentina IMF deal grow; but at what cost?**

7:36 AM PST

---

Americas

**Canadian employers, facing labor shortage, accommodate the unvaccinated**

7:55 AM PST

---

Americas

**Argentina detects first Omicron case, health ministry says**

2:40 AM PST

---

Americas

**Omicron may raise re-infection risk; booster protection documented**

12:55 PM PST

## Sponsored Content

Dianomi



**Pocket $200 After Spending $500**

Sponsored by WiseBread.com



**How Savvy Investors Pay for Healthcare in Retirement**

Sponsored by Fisher Investments



**Revealed: The True Cost of a Financial Advisor**

Sponsored by smartasset



**Your Dream Retirement May Be Closer Than You Think. Find Out For Free.**

Sponsored by Personal Capital

## Sponsored Content

Dianomi



**Refi rates at 2.02% APR. Do you...**



**10 Lessons to Take From Millionaires**



**The Only Card that Rounds...**

Sponsored by



**Retirement Portfolio Tips**

**you qualify?**

Sponsored by LendingTree

**Who Are Really Good With Money**

Sponsored by The Ascent

**Rounds Up to the Nearest 10 Points**

Citi Rewards+®

Sponsored by Charles Schwab

## Sponsored Content

Dianomi



**Get personalized financial advice from a team of advisors**

Sponsored by NerdWallet



**A Slam Dunk if you Need a Balance Transfer**

Sponsored by The Ascent



**Earn cash with a new Citigold® relationship and required activities.**

Sponsored by EARN UP TO $2,000



**10 Credit Cards You Should Not Ignore If You Have Excellent Credit**

Sponsored by NerdWallet

Latest

**Home**

Media

📹 **Videos**

Browse

**World**

**Business**

**Legal**

**Markets**

Markets

Breakingviews

Technology

Investigations

Lifestyle

About Reuters

**About Reuters**

**Careers**

**Reuters News Agency**

**Brand Attribution Guidelines**

**Reuters Leadership**

**Reuters Fact Check**

**Reuters Diversity Report**

Stay Informed

**Download the App**

**Newsletters**

---

Information you can trust

Reuters, the news and media division of Thomson Reuters, is the world's largest multimedia news provider, reaching billions of people worldwide every day. Reuters provides business, financial, national and international news to professionals via desktop terminals, the world's media organizations, industry events and directly to consumers.

Follow Us

    

---

Thomson Reuters Products

**Westlaw**

Build the strongest argument relying on authoritative content, attorney-editor expertise, and industry defining technology.

**Onesource**

The most comprehensive solution to manage all your complex and ever-expanding tax and compliance needs.

**Checkpoint**

The industry leader for online information for tax, accounting and finance professionals.

defining technology.

## Refinitiv Products

### Refinitiv Workspace

Access unmatched financial data, news and content in a highly-customised workflow experience on desktop, web and mobile.

### Refinitiv Data Catalogue

Browse an unrivalled portfolio of real-time and historical market data and insights from worldwide sources and experts.

### Refinitiv World-Check

Screen for heightened risk individual and entities globally to help uncover hidden risks in business relationships and human networks.

**Advertise With Us**     **Advertising Guidelines**

All quotes delayed a minimum of 15 minutes. See here for a complete list of exchanges and delays.

**Cookies**     **Terms of Use**     **Privacy**     **Corrections**     **Site Feedback**

© 2021 Reuters. All rights reserved

Case 3:21-cv-09613-SK Document 1-5 Filed 12/13/21 Page 14 of 103

Case 3:21-cv-09613-SK   Document 1-5   Filed 12/13/21   Page 16 of 103

Case 3:21-cv-09613-SK Document 1-5 Filed 12/13/21 Page 17 of 103

# Exhibit E

12/6/21, 1:42 PM
U.S. rebukes Mexico for releasing evidence in drug case against former defense minister - Los Angeles Times
Case 3:21-cv-09618-SK Document 1-5 Filed 12/13/21 Page 19 of 103

ADVERTISEMENT

WORLD & NATION

# U.S. rebukes Mexico for releasing evidence in drug case against former defense minister



Retired Mexican Gen. Salvador Cienfuegos was arrested in the U.S. on drug charges last year, but the case was dropped and he was returned to Mexico, presumably to face charges there. Instead, Mexico's president said the U.S. fabricated the charges. (Marco Ugarte / Associated Press)

BY KATE LINTHICUM | STAFF WRITER

JAN. 16, 2021 8:14 AM PT



MEXICO CITY — The U.S. Department of Justice berated Mexico late Friday for releasing hundreds of pages of evidence in a drug trafficking case against a former Mexican defense minister, saying the publication of sensitive information shared in confidence violates a mutual aid treaty.

Mexico's decision to make the documents public raises doubts about future law enforcement collaboration between the two countries, a Justice Department statement said.

"Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations," said the statement from an agency spokeswoman.



**WORLD & NATION**

**Mexican president accuses U.S. of fabricating drug case against ex-defense chief**

Jan. 15, 2021

ADVERTISING



The statement also addressed Mexico's decision not to charge the nation's ex-defense chief with any crime.

Retired Gen. Salvador Cienfuegos, who served as defense minister from 2012 to 2018, was arrested on drug trafficking charges at Los Angeles International Airport last year but was later released to presumably face charges at home after an intense lobbying campaign by Mexican diplomats.

On Friday, Mexican President Andrés Manuel López Obrador announced that Cienfuegos would not face charges in Mexico and accused the U.S. Drug Enforcement Administration of fabricating a case against him.

"Why did they do the investigation like this?" López Obrador said. "Without support, without proof?"

ADVERTISEMENT


FOR YOUR GRAMMY® CONSIDERATION

TONY BENNETT
& LADY GAGA

LOVE FOR SALE

6X GRAMMY® NOMINEES
INCLUDING ALBUM & RECORD OF THE YEAR

The Mexican president called U.S. drug agents incompetent and suggested that the timing of the Cienfuegos arrest shortly before the November presidential election may have been politically motivated. He ordered the release of evidence collected in the case by U.S. authorities because he said it would bolster his claims.

The Department of Justice statement defended its case against Cienfuegos, saying that the evidence released shows "that the case against General Cienfuegos was, in fact, not fabricated."

"A U.S. federal grand jury analyzed that material and other evidence and concluded that criminal charges against Cienfuegos were supported by the evidence," the statement said.

The evidence included thousands of intercepted cellphone messages between two alleged cartel members discussing a man they refer to as "Padrino."

U.S. prosecutors say Padrino, or the Godfather, was a code name for Cienfuegos. Mexican prosecutors have called that assertion into doubt.

The documents also contain screenshots of messages said by prosecutors to be from Cienfuegos alerting the men to upcoming military operations and discussing delivery of bribes.

Cienfuegos was arrested Oct. 15 and charged with helping Mexico's H-2 cartel smuggle tons of cocaine, heroin, methamphetamine and marijuana to the United States. U.S. prosecutors say he not only protected the cartel but also used the military to attack its rivals.


WORLD & NATION
**Mexico's military gains power as president turns from critic to partner**
Nov. 21, 2020

Current military leaders were incensed when Cienfuegos was arrested and pushed López Obrador to win his release.

The Mexican president did that, in part by threatening to withhold future security cooperation with the U.S. unless Cienfuegos was freed.

Mexico's top diplomat, Foreign Minister Marcelo Ebrard, vowed that Mexico would conduct an investigation of Cienfuegos that would "meet the highest standards of effectiveness and honesty."

Cienfuegos was not placed under arrest after he was returned by U.S. officials to Mexico. And less than two months after he returned to Mexican soil, officials cleared him of wrongdoing.

Security experts who analyzed the documents released by Mexico said it was difficult to draw conclusions from them.

"They're missing context," said Falko Ernst, a Mexico-based analyst with the International Crisis Group.

He added that without further clarification, it's impossible to know "the overall narrative of the accusation and how these pieces fit in."

Ernst said the Mexican government lost credibility by simply releasing the documents. He said López Obrador appears to be sending a message to the incoming U.S. administration "not to develop any overly ambitious thoughts concerning inducing change in Mexico."

López Obrador's actions, he said, also highlight the growing power of the armed forces in Mexican civilian affairs. Troops now lead the fight against illegal immigration, the COVID-19 pandemic and the widespread theft of fuel from gas lines. They run the country's biggest infrastructure projects and will soon control the nation's ports and border crossings.

The effort to protect Cienfuegos from prosecution was about "protecting the deal the López Obrador government has struck with the military, in which impunity and the right to continue to self-govern are traded for their acting as a core pillar of the [the president's] political project," Ernst said.

The DEA has not responded to requests for comment.

Mike Vigil, a former DEA chief of foreign operations, defended the U.S. case against Cienfuegos in an interview, saying U.S. agents and prosecutors would have clearly identified "Padrino" as the former defense minister before having detained him.

"We do not file formal charges or indict someone who is not fully identified," Vigil said. "That's just not something we do.

"The federal prosecutors are very conservative," he added. "They're not going to indict anybody unless they have very solid evidence."

WORLD & NATION    MEXICO & THE AMERICAS



## Must-read stories from the L.A. Times

Get all the day's most vital news with our Today's Headlines newsletter, sent every weekday morning.

SIGN ME UP

You may occasionally receive promotional content from the Los Angeles Times.

 Kate Linthicum



☰                     Los Angeles Times                     🔍

Kate Linthicum is a foreign correspondent for the Los Angeles Times based in Mexico City.

 Latest in World & Nation

READ MORE

---

MORE FROM THE LOS ANGELES TIMES

**WORLD & NATION**

### Sidelining of tarnished icon Aung San Suu Kyi leaves Myanmar's democratic hopes in hands of others

1 hour ago

12/6/21, 1:42 PM
U.S. rebukes Mexico on evidence in drug case against ex-defense minister - Los Angeles Times
Case 3:21-cv-09618-SK Document 1-5 Filed 12/13/21 Page 24 of 103



WORLD & NATION

**Justice Department sues Texas over new redistricting maps**

2 hours ago

CALIFORNIA

**California and Nevada governors plan a fix for Interstate 15 congestion**

2 hours ago

POLITICS

**Biden to confront Putin about amassing troops on Ukraine's border**

Dec. 6, 2021

SUBSCRIBERS ARE READING

CALIFORNIA

Brutal, brazen crimes shake L.A., leaving city at a crossroads

HIGH SCHOOL SPORTS

12/6/21, 1:42 PM
U.S. rebukes Mexico over drug case against ex-defense minister - Los Angeles Times
Case 3:21-cv-09618-SK Document 1-5 Filed 12/13/21 Page 25 of 103

Plaschke: Parents of ex-Mater Dei football player share new details of attack, school response

---

LIFESTYLE

FOR SUBSCRIBERS

Pick up the perfect holiday gift at these 43 stores you'll find only in L.A.

---

CALIFORNIA

Armed robbers break into Palisades home during holiday party

---

USC SPORTS

Lincoln Riley jetted for USC, and Oklahoma is left to furiously wonder why

ADVERTISEMENT

Enjoy our
surprisingly
great rates on
car insurance.

---

LATEST WORLD & NATION

POLITICS

Trump-backed David Perdue challenges Georgia Gov. Brian Kemp in GOP primary

Dec. 6, 2021

WORLD & NATION

New York City to impose COVID-19 vaccine mandate on private employers

Dec. 6, 2021

WORLD & NATION

12/6/21, 1:42 PM
Case 3:21-cv-09618-SK Document 1-5 Filed 12/13/21 Page 26 of 103
U.S. rebukes Mexico on evidence in drug case against ex-defense minister - Los Angeles Times

Haitian gang releases 3 more hostages, U.S. religious group says

**Dec. 6, 2021**

WORLD & NATION

The Kennedy Center Honors are back, along with the sitting president

**Dec. 6, 2021**

WORLD & NATION

Leaders of officially pacifist Japan want to expand military, already one of the world's strongest

**Dec. 6, 2021**

Subscribe for unlimited access

Follow Us

eNewspaper

Coupons

Find/Post Jobs

Place an Ad

Media Kit: Why the
L. A. Times?

Bestcovery

Copyright © 2021, Los Angeles Times | Terms of Service | Privacy Policy | CA Notice of Collection | Do Not Sell My Personal Information

# Exhibit F



ADVERTISEMENT



udflare is named a LEADER in the Forrester Wave™

DDoS Mitigation Solutions, Q1 2021                    CLOUDFL        Learn



Click to copy

Trending News   Abortion   Coronavirus pandemic   Oxford High School shooting   AP Top 25 College Football Poll

**RELATED TOPICS**

U.S. News

Mexico

Caribbean

# Mexico's president continues to blast US investigation

By CHRISTOPHER SHERMAN          January 18, 2021



ADVERTISEMENT

MEXICO CITY (AP) — President Andrés Manuel López Obrador on Monday renewed his attack on the U.S. investigation of a former Mexican defense secretary and warned that the U.S. Justice Department should consider carefully its threat to suspend cooperation with Mexico.

López Obrador defended the decision by the Mexican Attorney General's Office

**Trending on AP News**

mocked the results of the seven-year investigation by the U.S. Drug Enforcement Administration.

"How are you going to accuse someone based on photographs of phone screens?" López Obrador said in reference to hundreds of pages of evidence the U.S. government shared with Mexico after dropping charges against Cienfuegos and returning him to Mexico in November.

**Trump media venture under scrutiny by market regulators**

**Section of Everton fans leave seats during game in protest**

**San Francisco eatery sorry about asking officers to leave**

Trending News    Abortion    Coronavirus pandemic    Oxford High School shooting    AP Top 25 College Football Poll

ADVERTISEMENT

**US plans diplomatic boycott of Beijing Winter Olympics**

On Friday, Mexico published all of the information the U.S. had shared, spurring a rare public rebuke from the Justice Department that expressed disappointment in Mexico's decision to drop the case against Cienfuegos.

"The United States Department of Justice is also deeply disappointed by Mexico's decision to publicize information shared with Mexico in confidence," the U.S. department said in a statement Friday. "Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations."

López Obrador responded Monday: "I hope they think about it carefully, because I could say the same, too. We are disappointed with the DEA's work."

López Obrador accused the DEA of making up the case against Cienfuegos. The intercepted message exchanges allegedly between Cienfuegos and members of the H-2 cartel suggest the then highest-ranking member of Mexico's military was helping the cartel

**Tyson Foods to spend $50M on bonuses at its meat plants**

by Taboola

ADVERTISEMENT

12/6/21, 1:45 PM
Mexican president continues to chide U.S. over military investigation - ABC News
Case 3:21-cv-09613-SK   Document 1-5   Filed 12/13/21   Page 31 of 103

But López Obrador said the language used and the spelling mistakes committed by the person identified by U.S. prosecutors as Cienfuegos would not be possible from a mid-level officer, much less a high-ranking one.

"They put it together in an improper way, without professionalism, without ethics," the president said. "No foreign government can undermine the dignity and prestige of our nation."

Trending News    Abortion    Coronavirus pandemic    Oxford High School shooting    AP Top 25 College Football Poll

responsibility — and power — on the armed forces than any recent president. The military was furious with Cienfuegos' arrest in October at Los Angeles International Airport. The U.S. case also implicated other members of the military.

ADVERTISEMENT

Following Cienfuegos' return, Mexico's congress passed a law that will restrict U.S. agents in Mexico and remove their diplomatic immunity.

Despite the heated rhetoric, López Obrador said he expects Mexico's relationship with the incoming administration of President-elect Joe Biden to be unaffected.

But he said things would be done differently in the bilateral security relationship. "We cannot allow foreign agents to take charge of the functions of Mexico's government."

CCPA Notice

**Volunteer at therapy farm di...**

BOLTON, Mass. (AP) — A 73-year...

today

## Ad Content

**OOFOS® - Winter boots that won't dra...**

Promoted: OOFOS Footwear

**Amazon Has Millions of Prime Subscribers — B...**

Promoted: Capital One Shopping

**With OOFOS®, Never Stop...**

Promoted: OOFOS Footwear

**Bombas Socks: Save Up To 15% With Pack...**

Promoted: Bombas

**Trump media venture under...**

NEW YORK (AP) — Regulators are ...

today

ADVERTISEMENT

 



Top Stories

Video

Contact Us

Cookie Settings

**DOWNLOAD AP NEWS**

Connect with the definitive source for global and local news

**MORE FROM AP**

ap.org

AP Insights

AP Definitive Source Blog

AP Images Spotlight

AP Explore

AP Books

**FOLLOW AP**

THE ASSOCIATED PRESS

About    Contact    Customer Support    Careers    Terms & Conditions    Privacy

All contents © copyright 2021 The Associated Press. All rights reserved.

# Exhibit G



from The Center for Investigative Reporting

Saturday, August 7, 2021

Amanda Marchand Jones, Chief
FOIA/PA Unit
Criminal Division
Department of Justice
Suite 1127
1301 New York Ave, NW
Washington, DC 20530-0001

Dear Ms. Jones,

This is a request under the Freedom of Information Act. I am a reporter with The Center for Investigative Reporting (henceforth "CIR") seeking all records related in whole or in part to a request for assistance from the Mexican government - whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication - regarding the criminal case "United States of America v. Salvador Cienfuegos Zepeda (CR 19-366).

We seek documents and communications created during the period of September 1, 2020, to December 31, 2020, that pertain to Mexico's interest in accessing information obtained in the course of the Cienfuegos investigation.

Responsive records should include bilateral communications between the Mexican and United States governments as well as any US inter-agency communications following Mexico's request for assistance. The types of documents requested include, but are not limited to, emails, letters, diplomatic exchanges, memoranda, telephone transcripts, meeting minutes, talking points, reports, legal records, and intelligence information. Please omit from your search and review all copies of press and media reports as well as all press statements and press releases.

Please note, the Department of Justice has publicly acknowledged the provision of materials regarding the Cienfuegos case through the MLAT on several occasions. Examples include the November 17, 2020 Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero, which states: "At the request of the Fiscalía General de la República, the US Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case and commits to continued cooperation, within that framework, to support the investigation by Mexican authorities." (See Attachment 1)



Additionally, a DOJ Spokesperson cited in a January 16, 2021 Reuters article commented on the Mexican Government's decision to publicize information shared through the MLAT, stating: "Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations." (See Attachment 2)

I certify that the statements contained in this letter regarding the alleged activity and public concern are true and correct to the best of my knowledge. Any information obtained from this request will be used for the public's interest in news stories written for CIR.

Please don't hesitate to contact me with any questions you may have.

Sincerely,

Anayansi Diaz-Cortes | Celu: 212.729.9184 | adiazcortes@revealnews.org
Reporter and Producer, Reveal from the Center for Investigative Reporting

**Enclosures**

**Attachment 1:**    "Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero." *Department of Justice: Office of Public Affairs*, November 17, 2020. https://www.justice.gov/opa/pr/joint-statement-attorney-general-united-states-william-p-barr-and-fiscal-general-mexico

**Attachment 2**:    Mark Hossenbal and Anthony Esposito. "U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister." *Reuters*, January 16, 2021. https://www.reuters.com/world/americas/us-deeply-disappointed-mexico-closed-probe-ex-defense-minister-2021-01-16

Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero | OPA | Department of Justice    8/6/21, 9:47 AM

Case 3:21-cv-09613-SK  Document 1-5  Filed 12/13/21  Page 37 of 103

🇺🇸 An official website of the United States government  Here's how you know ✉

**Department of Justice**

Office of Public Affairs

---

FOR IMMEDIATE RELEASE                                    Tuesday, November 17, 2020

## Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero

Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero issued today the following statement:

"On Oct. 15, 2020, former Mexican Secretary of National Defense General Salvador Cienfuegos Zepeda was arrested in Los Angeles, California, on U.S. charges of conspiracy to manufacture, import, and distribute narcotics into the United States and money laundering.

"The Mexican Fiscalía General de la República, upon learning of the arrest and U.S. charges against General Cienfuegos, opened its own investigation.

"In recognition of the strong law enforcement partnership between Mexico and the United States, and in the interests of demonstrating our united front against all forms of criminality, the U.S. Department of Justice has made the decision to seek dismissal of the U.S. criminal charges against former Secretary Cienfuegos, so that he may be investigated and, if appropriate, charged, under Mexican law.

"At the request of the Fiscalía General de la República, the U.S. Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case and commits to continued cooperation, within that framework, to support the investigation by Mexican authorities.

"Our two countries remain committed to cooperation on this matter, as well as all our bilateral law enforcement cooperation. As the decision today reflects, we are stronger when we work together and respect the sovereignty of our nations and their institutions. This close partnership increases the security of the citizens of both our countries."

---

**Component(s):**
Office of the Attorney General

**Press Release Number:**
20-1,249

*Updated November 17, 2020*

Welcome to the Reuters.com BETA. Read our Editor's note on how we're helping professionals make smart decisions.

Read more



Sign In



January 16, 2021 11:59 AM EST Last Updated 7 months ago

**Americas**

# U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister

**Reuters**,  **Mark Hosenball**,  **Anthony Esposito**                    5 minute read

   





Mexico's then defense minister, General Salvador Cienfuegos, addresses an audience during the 50th anniversary of the Plan of Assistance to the Population in case of Disaster (Plan DN-III-E) in Mexico City, Mexico July 12, 2017. REUTERS/Carlos Jasso

WASHINGTON, Jan 16 (Reuters) - The U.S. Department of Justice (DOJ) said it is "deeply disappointed" by Mexico's decision to close its investigation of ex-Defense Minister Salvador Cienfuegos, after the Mexican attorney general decided not to press charges.

The decision, which Mexican President Andres Manuel Lopez Obrador publicly backed on Friday, and a document dump by Mexico's government of U.S. evidence against Cienfuegos, threatens to strain strategic U.S.-Mexico security ties.

On Friday, on Lopez Obrador's instructions, the foreign ministry tweeted the link to a 751-page document that included detailed logs of alleged Blackberry communications. read more

A DOJ spokesperson late Friday called the decision to publicize information shared with Mexico in confidence deeply disappointing.

"Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations," the DOJ said.

Mexico's foreign ministry declined to comment on the DOJ's statement.

Lopez Obrador said he ordered the whole archive of documents released to the public because he wanted "complete transparency."

Late on Saturday, Mexico released another massive cache of documents online relating to the case. The files comprised thousands of pages, though many of them were heavily redacted.

Friday's released document includes text messages, often misspelled, between "Thor", "Superman", "Spartacus", "Samantha", and "Iron Man," suspects being tracked by U.S. Drug Enforcement Administration (DEA) agents in 2015 and 2016 whose chatter apparently identified Cienfuegos as an ally of drug cartels during the previous government.

It was not immediately clear what evidence was in the communications to show wrongdoing by Cienfuegos, however.

"Those conversations are not a smoking gun against Cienfuegos. But are they completely exculpatory? I don't think so either," said Mexican security analyst Alejandro Hope.

Hope said there was likely more evidence that was not included in the data dump.

John Ackerman, a doctor in constitutional law at the National Autonomous University of Mexico and vocal supporter of Lopez Obrador, was more critical.

"I will never defend Cienfuegos. The army committed all kinds of atrocities during the administration of Enrique Pena Nieto, but the DEA's 'evidence' is frankly a joke," Ackerman said on Twitter, suggesting the Blackberry messages were "written by a third- or fourth-rate narco or soldier."

The situation could put other probes and court cases in which Mexico needs U.S. collaboration at risk.

"Now they have created a major, major source of friction with the U.S., and that could really hobble not only this investigation but other investigations that President (Lopez Obrador) is really keen on," said Hope.

Cienfuegos, who was minister from 2012 to 2018 during the government of former President Pena Nieto, was arrested in October at Los Angeles airport on charges he worked with a powerful drug cartel.

U.S. prosecutors later dropped the case and returned him to Mexico to be prosecuted, with Lopez Obrador's administration vowing a thorough investigation of the case.

On Thursday, less than two months after Cienfuegos' return from the United States, Mexico's attorney general office concluded that he had no contact with members of the criminal organization and said it will not pursue criminal charges. **read more**

The DOJ spokesperson said the department "fully stands by its investigation and charges in this matter," that the documents show the case against Cienfuegos was not fabricated, and the information was lawfully gathered in the United States through a proper U.S. court order, in full respect of Mexico's sovereignty.

"A U.S. federal grand jury analyzed that material and other evidence and concluded that criminal charges against Cienfuegos were supported by the evidence."

Reporting by Mark Hosenball in Washington; Writing by Anthony Esposito Editing by Alistair Bell

Our Standards: **The Thomson Reuters Trust Principles.**

**More from Reuters**





## Sign up for our newsletter

Subscribe for our daily curated newsletter to receive the latest exclusive Reuters coverage delivered to your inbox.

Sign up

# Exhibit H



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: FOIA/PA Final Response CRM-301667064

**Anayansi Diaz-Cortes <adiazcortes@revealnews.org>**       Wed, Sep 22, 2021 at 3:43 PM
To: Shawn Musgrave <smusgrave@revealnews.org>, Victoria Baranetsky <vbaranetsky@revealnews.org>
Cc: Kate Doyle <kadoyle@gwu.edu>

.

---------- Forwarded message ---------
From: **CRM FOIA (CRM)** <CRM.FOIA@usdoj.gov>
Date: Tue, Sep 21, 2021 at 12:38 PM
Subject: FOIA/PA Final Response CRM-301667064
To: adiazcortes@revealnews.org <adiazcortes@revealnews.org>

Dear Ms. Diaz-Cortes:

    Please see the attached, which is this Office's response to your request. If you have any questions, please contact the FOIA/PA Unit at 202-616-0307 for further assistance.

Thank you,

FOIA/PA Unit

Criminal Division

U.S. Department of Justice

--
Anayansi Diaz-Cortes | Reporter/Producer
Celu: 212.729.9184 | @anayansi_dc
adiazcortes@revealnews.org

---

📄 **301667064 Final Response Letter.pdf**
184K



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

**VIA Electronic Mail**                    September 21, 2021

Ms. Anayansi Diaz-Cortes
Reveal News
Suite 200                                         Request No. CRM-301667064
1400 65th                                         Subject:  All requests for assistance from the
Emeryville, CA  94608                                      Mexican Government: USA v. Salvador
adiazcortes@revealnews.org                                 Cienfuegos Zepeda (CR 19-366)

Dear Ms. Diaz-Cortes:

The Criminal Division acknowledges receipt of your Freedom of Information Act request dated August 7, 2021. Your request was received in this Office on August 9, 2021. In that request, you asked for access to records concerning the above-mentioned subject. Your request has been assigned file number CRM-301667064. You should refer to this number in any future correspondence with this Office.

To the extent that non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this Office is not required to conduct a search for the requested records.  This information would also be exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3), which concerns matters specifically exempted from release by statute (in this instance, Treaty on Cooperation Between the United States of America and the United Mexican States for Mutual Legal Assistance, U.S.-Mex., Dec. 9, 1987, S. TREATY DOC. NO. 100-13 (1988)).

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at the (202) 616-0307 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at

2

ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

      If you are not satisfied with the Criminal Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://foiastar.doj.gov.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

      Sincerely,

*Amanda Marchand Jones*

Amanda Marchand Jones
Chief
FOIA/PA Unit

# Exhibit I

Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, D.C. 20530


November 1, 2021


VIA POSTAL MAIL


**Re: Freedom of Information Act Appeal FOIA No. CRM-301667064 and DEA 21-00596-F**


To Whom It May Concern:

The Center for Investigative Reporting ("CIR") writes to appeal on behalf of the requester, Ms. Anayansi Diaz-Cortes, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq, from denials sent by the Department of Justice, Criminal Division ("DOJ-CRM") on September 21, 2021, and by the Drug Enforcement Administration ("DEA") on October 22, 2021, involving requests for assistance from the Mexican government regarding the criminal case against Salvador Cienfuegos Zepeda.

**I.     Factual Background**

In August 2020, a federal grand jury indicted the former Mexican Secretary of National Defense, General Salvador Cienfuegos Zepeda ("Cienfuegos"), in the U.S. District Court for the Eastern District of New York ("EDNY").[1] In addition to allegations that Cienfuegos aided and protected drug cartels, some reports have suspected the retired general was linked to a government cover-up of a drug cartel's actions, allegedly done in concert with the Mexican military, that resulted in the disappearance of 43 Mexican students in the town of Ayotzinapa in Guerrero, Mexico.[2] Two months later Cienfuegos was arrested in Los Angeles, California, for "U.S. charges of conspiracy to manufacture, import, and distribute narcotics into the United States and money laundering," according to a November 2020 joint press release issued by the

---

[1] *See generally* Decl. Re Out-of-District Warrant, *U.S. v. Cienfuegos Zepeda*, No. 19-cr-00366 (E.D.N.Y. Oct 27, 2020), ECF 8-1, available at
https://storage.courtlistener.com/recap/gov.uscourts.nyed.437498/gov.uscourts.nyed.437498.8.1.pdf; Motion to Remand, *U.S. v. Cienfuegos Zepeda*, No. 19-cr-00366 (E.D.N.Y. Oct 16, 2020), ECF 6, available at
https://storage.courtlistener.com/recap/gov.uscourts.nyed.437498/gov.uscourts.nyed.437498.6.0_1.pdf.
[2] *Piden investigar el papel de Salvador Cienfuegos en caso Ayotzinapa*, El Informador (Nov. 20, 2020), https://www.informador.mx/mexico/Piden-investigar-el-papel-de-Salvador-Cienfuegos-en-caso-Ayotzinapa-20201120-0098.html.

1400 65th, Suite 200  Emeryville, CA 94608
PHONE 510 809 3160 ████████████  TWITTER @CIRonline
WEB cironline.org

United States and Mexico.[3]  That same month Mexico's Fiscalía General opened its own investigation into Cienfuegos.[4] The U.S. Justice Department ("DOJ") then dismissed the charges against Cienfuegos "so that Mexico could proceed first with investigating and potentially prosecut[e him] under Mexican law."[5]

To assist the Mexican investigation, the DOJ provided evidence regarding Cienfuegos to Mexican authorities in accordance with a bi-lateral treaty signed by both countries. "At the request of the [Mexican government] . . . under the Treaty that governs the sharing of evidence [between both governmental bodies]" the DOJ provided information regarding Cienfuegos, according to the November 2020 joint statement.[6]  The treaty used to make those disclosures is a bilateral treaty between the US and Mexico used to facilitate "mutual legal assistance to provide for the best administration of justice in criminal matters."  Mutual Legal Assistance Cooperation Treaty with Mexico, U.S.-Mex., Dec. 9, 1987, S. Treaty Doc. No. 100-13, 1987 WL 890783 at *4 ("U.S.-Mexico MLAT").

Ultimately, Mexican authorities did not charge Cienfuegos,[7] claiming that the U.S. collected insufficient evidence and then publishing the DOJ's records to justify the Mexican government's decision.[8]  On January 15, 2021, at the instruction of Mexican President Andrés Manuel López Obrador, the Mexican foreign ministry tweeted a link to 751-pages of evidence provided by the DOJ.[9]  The public disclosure of records included a letter from the DOJ to the

---

[3] *See* Press Release, *Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero*, Nov. 17, 2020, available at https://www.justice.gov/opa/pr/joint-statement-attorney-general-united-states-william-p-barr-and-fiscal-general-mexico.

[4] *Id. See also* Motion to Dismiss at 2, *U.S. v. Cienfuegos Zepeda*, No. 19-cr-00366 (E.D.N.Y. Nov. 16, 2020), ECF 20, available at https://storage.courtlistener.com/recap/gov.uscourts.nyed.437498/gov.uscourts.nyed.437498.20.0.pdf.

[5] *Id.*; *see also* Alan Feuer & Natalie Kitroeff, *Mexico, Outraged at Arrest of Ex-Official, Threatened to Toss U.S. Agents*, N.Y. Times (Nov. 18, 2020), https://www.nytimes.com/2020/11/18/world/americas/mexico-cienfuegos-barr.html.

[6] *Id.*

[7] *See* Mark Hosenball & Anthony Esposito, *U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister*, Reuters (Jan. 16, 2021), https://www.reuters.com/world/americas/us-deeply-disappointed-mexico-closed-probe-ex-defense-minister-2021-01-16; Oscar Lopez, *Mexico Exonerates Ex-Defense Chief Who Was Freed by the U.S.*, N.Y. Times (Jan. 14, 2021), https://www.nytimes.com/2021/01/15/world/americas/mexico-defense-minister-cienfuegos.html.

[8] Mark Stevenson & Christopher Sherman*, Mexico clears general, publishes US evidence against him*, Assoc. Press (Jan. 15, 2021), https://apnews.com/article/joe-biden-mexico-coronavirus-pandemic-mexico-city-drug-trafficking-3e0fca4b5296c26b6c9422f738a4fa6f.

[9] *See* Relaciones Exteriores (@SRE_mx), Jan. 15, 2021, https://twitter.com/SRE_mx/status/1350193824535109632. *See also* Relaciones Exteriores, *Información sobre el caso del general retirado Salvador Cienfuegos Zepeda*, Jan. 15, 2021, https://www.gob.mx/cms/uploads/sre/informacion_recibida_por_la_sre_sobre_el_caso_del_gene ral_retirado_salvador_cienfuegos_zepeda.pdf (accessed Oct. 8, 2021).

2

Mexican foreign ministry, dated October 29, 2020, indicating that the DEA had obtained evidence regarding Cienfuegos via wiretaps on other individuals' devices.[10]  The DOJ letter included detailed information about the evidence obtained under these wiretaps,[11] which the DOJ claimed "revealed Cienfuegos-Zepeda's role in restricting Mexican military operations in Nayarit to protect [a drug trafficking organization] from possible intervention."[12]  The documents published online included screenshots of the intercepted text messages.[13]

The DOJ plainly and repeatedly acknowledged its investigation as well as its records disclosed by the Mexican government.  The DOJ acknowledged and attested to the veracity of the evidence the Mexican government published, saying, "A U.S. federal grand jury analyzed that material and other evidence and concluded that criminal charges against Cienfuegos were supported by the evidence."[14] A DOJ spokesperson told press outlets the department "fully stands by its investigation and charges" against Cienfuegos.[15]  In another statement, the DOJ said, "Those materials also show that the information relied upon to charge General Cienfuegos was lawfully gathered in the United States, pursuant to a proper U.S. court order, and in full respect of Mexico's sovereignty."[16]  And while the DOJ asserted, "[p]ublicizing such information violates the [MLAT] Treaty"[17] the United States only verified the veracity of all the published material.  Mexican President López Obrador responded publicly with critiques of the evidence shared by the U.S. government.[18]

---

[10] *Id.* at 1-2.

[11] According to the DOJ letter, these wiretaps produced "screenshots of Cienfuegos-Zepeda's message exchanges" with another investigatory target as well as "screenshots of Cienfuegos-Zepeda's communications about DEA meetings with [Mexican] counterparts regarding the investigation" of the H-2 Cartel based in Nayarit, Mexico. *Id.* at 2.

[12] *Id.*

[13] *See, e.g., id.* at 7.  The next day, the Mexican government released a second "massive cache" of documents online related to Cienfuegos. Hosenball, *supra* note 6.

[14] Kate Linthicum, *U.S. rebukes Mexico for releasing evidence in drug case against former defense minister*, L.A. Times (Jan. 16, 2021), https://www.latimes.com/world-nation/story/2021-01-16/u-s-rebukes-mexico-evidence-drug-case-former-defense-minister.

[15] Hosenball, *supra* note 6.

[16] E. Eduardo Castillo (@EECastilloAP), Jan. 15, 2021, https://twitter.com/EECastilloAP/status/1350324959889879044.

[17] *Id.*; Christopher Sherman, *Mexico's president continues to blast US investigation*, Assoc. Press (Jan. 18, 2021), https://apnews.com/article/latin-america-mexico-7b6d9f8899c54b5e1f62f33da5beccc3; José de Córdoba & Santiago Pérez, *Mexico's Move to Clear Cienfuegos of Drug Trafficking Faulted by U.S.*, Wall. St. J. (Jan. 17, 2021), https://www.wsj.com/articles/mexicos-move-to-clear-cienfuegos-of-drug-trafficking-is-faulted-by-u-s-11610839780.

[18] Sherman, *supra* note 14.

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160 ▓▓▓▓▓▓▓▓ TWITTER @CIRonline
▓▓ WEB cironline.org

## II.    Procedural History

On August 7, 2021, Ms. Diaz-Cortes submitted identical FOIA requests to DOJ-CRM and DEA seeking records pertaining to requests for assistance from the Mexican government regarding the criminal case in the United States against Salvador Cienfuegos Zepeda (hereinafter "the DOJ-CRM Request," "the DEA Request," and collectively "the Requests").  True and correct copies of the Requests are attached as Exhibit A (the DOJ-CRM Request) and Exhibit B (the DEA Request).  More specifically, Ms. Diaz-Cortes requested from each agency:

> [A]ll records related in whole or in part to a request for assistance from the Mexican government – whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication – regarding the criminal case United States of America v. Salvador Cienfuegos Zepeda (CR 19-366).
>
> …
>
> Responsive records should include bilateral communications between the Mexican and United States governments as well as any US inter-agency communications following Mexico's request for assistance. The types of documents requested include, but are not limited to, emails, letters, diplomatic exchanges, memoranda, telephone transcripts, meeting minutes, talking points, reports, legal records, and intelligence information.

Ex. A at 2; Ex. B at 1.  The Requests gave a discrete time period of September 1, 2020, to December 31, 2020, and indicated that "copies of press and media reports as well as all press statements and press releases" should be omitted from search and review.  Ex. A at 2; Ex. B at 1. The Requests noted that the Justice Department had "publicly acknowledged the provision of materials regarding the Cienfuegos case through the MLAT on several occasions" and provided as examples the November 2020 official joint statement and the DOJ's statements in January 2021.  Ex. A at 2-3 and attachments; Ex. B at 1-2 and attachments.

On September 21, 2021, Ms. Diaz-Cortes received a letter from DOJ-CRM categorically denying the DOJ-CRM Request (hereinafter "the DOJ-CRM Denial") under Exemption 3 and Exemption 7(C).  A true and correct copy of that letter is attached as Exhibit C.  The DOJ-CRM Denial stated:

> To the extent that non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this Office is not required to conduct a search for the requested records. This information would also be exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3), which concerns matters specifically exempted from release by statute (in this instance, Treaty on Cooperation Between the United States of America and the United Mexican States for Mutual Legal Assistance, U.S.-Mex., Dec. 9, 1987, S. TREATY DOC. NO. 100-13 (1988)).

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160                              TWITTER @CIRonline
WEB  cironline.org

Ex. C at 2.

On August 9, 2021, Ms. Diaz-Cortes received a "courtesy reply" email acknowledging receipt of the DEA Request and assigning it tracking number 21-00596-F. A true and correct copy of this email is attached as Exhibit D. On October 22, 2021, Ms. Diaz-Cortes received a letter categorically denying the DEA Request (hereinafter "the DEA Denial") under Exemption 3 and Exemption 7(C). A true and correct copy of that letter is attached as Exhibit D. The DEA Denial stated:

> To the extent that non-public responsive records exist, without consent, proof of death (e.g., a copy of a death certificate or an obituary), or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this office is not required to conduct a search for the requested records. Furthermore, this information would also be exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3), which concerns matters specifically exempted from release by statute (here, Treaty on Cooperation Between the United States of America and the United Mexican States for Mutual Legal Assistance, U.S.-Mex., Dec. 9, 1987, S. TREATY DOC. NO. 100-13 (1988)).

Ex. E at 2.

CIR now appeals the withholding of the communications requested by Ms. Diaz-Cortes by both DOJ-CRM and DEA. This appeal is timely and otherwise in accordance with 5 U.S.C. § 552(a)(6)(A) and 28 C.F.R. § 16.8.

## III.    Argument

The Freedom of Information Act seeks "to ensure an informed citizenry, vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). In response to a FOIA request, an agency must "conduct a search reasonably calculated to uncover all relevant documents." *Porup v. CIA*, 997 F.3d 1224, 1237 (D.C. Cir. 2021) (citation and internal quotation marks omitted). "[W]hen an agency has officially acknowledged otherwise exempt information through prior disclosure, the agency has waived its right to claim an exemption with respect to that information." *ACLU v. CIA*, 710 F.3d 422, 426 (D.C. Cir. 2013). Further, FOIA has nine narrowly drawn exemptions. While Exemption 7(C) allows the government to withhold records "compiled for law enforcement purposes," that Exemption applies "only to the extent that the production . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Similarly, Exemption 3 allows an agency to withhold information "exempted from disclosure by statute" but only where it is specifically exempted by statute. 5 U.S.C. § 552(b)(3). Last, under the FOIA Improvement Act of 2016, the government must also make an additional showing that it "reasonably foresees that disclosure would harm an interest protected" by relevant exemptions, 5 U.S.C. § 552(a)(8)(A)(i)(I), and even so, an agency must provide "[a]ny reasonably segregable portion of a record … after deletion of the portions which are exempt." 5 U.S.C. § 552(b).

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160 ▮▮▮▮▮▮▮▮▮▮▮                TWITTER @CIRonline
▮▮▮▮ WEB cironline.org

Here, the records were improperly withheld.  At the outset, both DOJ-CRM and DEA admitted they have not fulfilled their obligation to conduct *any* search for responsive records, much less an adequate one.  Even so, since the U.S. government officially acknowledged the records at issue that were requested and shared under the U.S.-Mexico MLAT, the agencies cannot categorically withhold records regarding Mexico's request for assistance.  Additionally, FOIA Exemptions 3 and 7 do not apply in this instance and regardless, DOJ-CRM and DEA did not and could not attempt to demonstrate any foreseeable harm that would result from disclosure of these records.  Because both agencies failed to meet their obligations on each of these independent grounds, this body should remand these denials and direct further review and release.

### A.     Neither DOJ-CRM nor DEA has conducted an adequate search for responsive records.

Upon receipt of a FOIA request, "an agency shall make reasonable efforts to search for the records in electronic form or format.  5 U.S.C. § 552(a)(3)(D).  Under Ninth Circuit law, an agency must conduct a "'search reasonably calculated to uncover *all relevant documents*.'" *Rojas v. Fed. Aviation Admin.*, 989 F.3d 666, 677 (9th Cir. 2021) (quoting *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (emphasis added) (en banc).  *See also Hamdan v. DOJ*, 797 F.3d 759, 770 (9th Cir. 2015) (same); *Smart-Tek Servs. v. IRS*, 829 F. App'x 224, 225 (9th Cir. 2020) (same).  At bare minimum, requesters are "entitled to a reasonable search for records," albeit "not a perfect one."  *Hamdan*, 797 F.3d at 772.  Indeed, the Ninth Circuit requires agencies to provide sufficient "details about how the search was conducted" to substantiate that they "conducted a search reasonably calculated to locate all documents responsive" to a given request. *Rojas*, 989 F.3d at 677-78.

DOJ-CRM and DEA, by their own admissions, have not conducted *any* search for responsive records — a failure of FOIA's most basic obligation.  Both agencies contend that since the responsive records — according to their own *a priori* determination — "would be categorically exempt from disclosure"— they were not required to conduct any search.  Ex. C at 2; Ex. E at 2.  This position is summarily wrong under Ninth Circuit precedent, which requires agencies to *always* conduct a reasonable search targeted to uncover *all* relevant documents. *Rojas*, 989 F.3d at 677.  An agency cannot escape this obligation by making claims in advance about whether documents identified in that search are exempt.  *See also ACLU Found. of Ariz. v. Dep't of Homeland Sec.*, No. CV-14-02052-TUC-RM (BPV), 2017 U.S. Dist. LEXIS 11610, at *16 (D. Ariz. Jan. 26, 2017) (rejecting argument that no search was required where government failed to demonstrate searches "would have revealed *only* information that is exempt from disclosure"; distinguishing *Blackwell v. FBI*, 646 F.3d 37 (D.C. Cir. 2012) and other cases) (emphasis in original).

The agencies' position is also out of step with D.C. Circuit caselaw.  "[T]he fact that a category of documents is likely to be exempt from disclosure does not allow an agency to preemptively exclude such a category of documents from its search."  *Toensing v. DOJ*, 890 F. Supp. 2d 121, 147 (D.D.C. 2012).  "[A]n agency's search obligations are in no way limited by whether certain documents will eventually be classified as exempt from disclosure because an

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160                                        TWITTER  @CIRonline
WEB  cironline.org

agency is obligated to perform a search 'reasonably calculated to uncover *all relevant documents*,' not just all non-exempt, relevant documents." *Id.* (quoting *Weisberg v. DOJ.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).  Similarly, a "categorical refusal" to search for records on the basis of Exemption 7(C) is improper where, as discussed below, "the private-public balancing does not characteristically tip in favor of non-disclosure."  *Jett v. FBI*, No. 14-CV-00276 (APM), 2016 WL 107912, at *3-7 (D.D.C. Jan. 8, 2016) (distinguishing *Blackwell* and other cases)); *accord Wright v. DOJ*, No. 14-cv-558, 2015 U.S. Dist. LEXIS 31533, at *11-14 (D.D.C. Mar. 16, 2015) ("Defendant's categorical refusal to search for the records plaintiff requests is only appropriate if, in balancing the privacy interests that would be compromised by disclosure against the public interest in release of the requested information, the balance characteristically tips toward nondisclosure.") (cleaned up).  *See also Jett v. FBI*, 241 F. Supp. 3d 1, 11 (D.D.C. 2017) (granting limited discovery as to whether "the FBI has performed a search reasonably calculated to reach *all* records responsive" to FOIA request) (emphasis added).

Since DOJ-CRM and DEA have failed to conduct a search, both requests should be remanded.

### B.      Where the U.S. government has officially acknowledged records exist, the agency may not withhold all records.

When an agency has "officially acknowledged" the existence of certain information or records, "'its disclosure may be compelled even over an agency's otherwise valid exemption claim.'" *ACLU*, 710 F.3d at 426–427 (quoting *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007). A fact is deemed "officially acknowledged" — and thus subject to disclosure — if it is "as specific as the information previously released," "match[es] the information previously disclosed," and "have been made public through an official and documented disclosure." *Pickard v. DOJ*, 653 F.3d 782, 786 (9th Cir. 2011) (quoting *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C.Cir.1990)).

Here, the DOJ officially acknowledged many of the records at issue as well as many of the related facts, and thus cannot justify withholding.  First, in the November 2020 joint U.S.-Mexico statement, the former U.S. Attorney General William Barr officially acknowledged, "At the request of the Fiscalía General de la República, the U.S. Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case[.]"[19] Additionally, following the online publication of the Cienfuegos evidence, in January 2021, the DOJ again officially acknowledged that Mexico made such a request, as well as their contents, in its statements to the press decrying the Mexican government's actions.[20]

Under *Pickard* and *Fitzgibbons*, DOJ-CRM and DEA cannot categorically withhold the "officially acknowledged" information.

---

[19] U.S.-Mexico joint statement, Nov. 2020, *supra* note 2.
[20] *Supra* notes 14-17.

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160                              TWITTER @CIRonline
WEB  cironline.org

**C.      Exemption 7 does not apply to any records that were not compiled for law enforcement purposes.**

As a threshold matter, Exemption 7 and its sub-exemptions apply only to documents that were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). "To determine 'whether records are compiled for law enforcement purposes . . . the focus is on how and under what circumstances the requested files were compiled and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding.'" *Clemente v. FBI*, 867 F.3d 111, 119 (D.C. Cir. 2017) (quoting *Jefferson v. DOJ, Office of Prof'l Responsibility*, 284 F.3d 172, 176-77 (D.C. Cir. 2002). The fact that an agency has *some* law enforcement functions is not sufficient to support withholding all records under Exemption 7. *See generally Bartko v. DOJ*, 898 F.3d 51, 66 (D.C. Cir. 2018).

CIR asserts that Exemption 7 likely does not apply to many of the requested records. Ms. Diaz-Cortes requested a broad range of records pertaining to the U.S. response to Mexico's request for assistance regarding Cienfuegos. Many of these records were created after the U.S. government dismissed its charges against Cienfuegos, such that they would not have been "compiled for law enforcement purposes" but rather compiled for other purposes. Further, this request seeks "inter-agency communications" regarding Mexico's request, which encompasses much more than "law enforcement" records pertaining to the Cienfuegos investigation but also discussions about Mexico's request.

DOJ-CRM and DEA cannot invoke Exemption 7 to withhold documents lacking any nexus to the agency's law enforcement functions.

**D.      Exemption 7(C) does not apply because Cienfuegos has no privacy interest in records about the U.S. government's role in two widely publicized international investigations, and any *de minimis* privacy interest is outweighed by the public's interest in those international investigations.**

To the extent Exemption 7(C) applies to any of the requested records, DOJ-CRM and DEA cannot invoke it so categorically. Rather, Exemption 7(C) requires carefully balancing "the privacy interest protected by the exemption[] against the public interest in government openness that would be served by disclosure." Under Exemption 7(C), public officials enjoy far less privacy protection. *Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001); *see also Kimberlin v. DOJ*, 139 F.3d 944, 949 (D.C. Cir. 1998) (emphasizing the need to consider the "rank of the public official involved"). Additionally, "privacy interests" for an individual involved in a criminal investigation are lower when an individual is the focus of an investigation versus when the person's "link to the investigation is the result of 'mere happenstance.'" *Lahr v. NTSB*, 569 F.3d 964, 975 (9th Cir. 2009) (quoting *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 158 (2004)); *see also Citizens for Resp. & Ethics in Washington v. DOJ*, 746 F.3d 1082, 1091 (D.C. Cir. 2014) ("*CREW*"). Where "the public interest substantially outweighs any residual privacy interest," the documents must be disclosed. *Bartko*, 898 F.3d at 70. *See also Rosenfeld v. DOJ*, 57 F.3d 803, 812 (9th Cir. 1995) (ordering disclosure "[i]n light of this strong public interest" which outweighed asserted privacy interests).

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160                          TWITTER @CIRonline
WEB cironline.org

Here, Cienfuegos has no cognizable privacy interest sufficient to justify withholding these records under Exemption 7(C). Cienfuegos, a former top military official for Mexico and the principal target of public federal prosecution in the U.S. and a subsequent public investigation led by Mexican authorities — has no cognizable privacy interests because he is a public figure on an international stage. Second, both the U.S. and Mexico acknowledged and discussed Cienfuegos' direct role in this investigation and published information about him – so his involvement is in no way "happenstance."[21] Last, details of the Cienfuegos investigations have been extensively covered by the international press[22] and commented on numerous times by both governments, including in a joint official press statement in November 2020.[23] Thus, as in *Bartko*, any putative privacy interest asserted by Cienfuegos is spoiled if not "substantially diminished" because the details of the investigation are "already a matter of public record" due to extensive documentation in court records and "the U.S. Attorney's public announcement"). 898 F.3d at 69; *see also DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 n.15 (citation omitted) (same); *Kimberlin v. DOJ*, 139 F.3d 944, 949 (D.C. Cir. 1998) (same). To the extent a top official such as Cienfuegos had any privacy interest in the requested documents, such interest was destroyed.

Additionally, even if Cienfuegos retains a *de minimis* privacy interest, it is far outweighed by public interest in the requested records. "To advance a relevant public interest," documents must "'shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.'" *Lahr*, 569 F.3d at 978 (quoting *Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 497 (1994). Here, the requested records will "shed light" on two international investigations into a world leader's alleged ties to a global drug cartel. Further, the records will give insight into the U.S. government's response to Mexico's investigation into Cienfuegos. The overwhelming public interest in these records is demonstrated by the fact that even powerful U.S. legislators demand sunlight regarding these events. After the United States dismissed charges against Cienfuegos, U.S. Senator Bob Menendez, then the Ranking Member of the Senate Foreign Relations Committee, characterized the situation as an "opaque deal" and demanded more information the White House.[24] Similarly, U.S. Congressman Vicente Gonzalez, a member of the House Committee on Foreign Affairs, demanded "a clear explanation" from the U.S. Justice Department, saying, "American foreign policy cannot be made in the dark."[25] Congressman Gonzalez and Congressman Albio Sires sent a joint letter

---

[21] Further, the Mexican government published online the raw evidence against Cienfuegos, including text messages the U.S. government claimed supported the EDNY indictment. *Supra* notes 8-12.

[22] *Supra* notes 14-17.

[23] U.S.-Mexico joint statement, Nov. 2020, *supra* note 2.

[24] U.S. Senate Committee on Foreign Relations, *Press Release: Menendez Reaction to Trump Administration's Retreat On Drug Trafficking Case Against Former Mexican Defense Minister*, Nov. 18, 2020, https://www.foreign.senate.gov/press/ranking/release/menendez-reaction-to-trump-administrations-retreat-on-drug-trafficking-case-against-former-mexican-defense-minister.

[25] Congressman Vicente Gonzalez, *Press Release: Congressman Gonzalez Statement On Trump Administration's Release Of Former Mexican Defense Minister*, Nov. 19, 2020,

9

urging Mexican authorities to conduct a thorough investigation into Cienfuegos.[26]  The requested records contain answers to the urgent questions these Congressmembers have about what U.S. government agencies were "up to" regarding the Mexican investigation into Cienfuegos.  This public interest easily outweighs any lingering privacy interest Cienfuegos might retain.

Given the immense public interest in the records, DOJ-CRM and DEA cannot withhold them under Exemption 7(C).

### E.     Exemption 3 does not apply because the U.S.-Mexico MLAT's confidentiality provisions are no longer satisfied.

Exemption 3 analysis has two steps.  A court must "determine: (1) whether there is a statute within the scope of Exemption 3; and (2) whether the requested information falls within the scope of such a statute." *CIA v. Sims*, 471 U.S. 159, 167 (1985).  If the statute at issue is within the scope of Exemption 3, courts assess "'whether the withheld records satisfy the criteria of the exemption statute.'" *Ctr. for Investigative Reporting v. DOJ*, No. 18-17356, 2021 WL 4314789, at *6 (9th Cir. Sept. 23, 2021) (quoting *Hamdan v. DOJ*, 797 F.3d 759, 776 (9th Cir. 2015).  Exemption 3 and the applicable underlying statute "must be narrowly construed." *Id.* at *3 (citation and internal quotation marks omitted).  Accordingly, courts have refused to draw expansive "veil[s] of secrecy" covering all records connected to a withholding statute under Exemption 3. *Senate of Puerto Rico v. DOJ*, 823 F.2d 574, 582 (D.C. Cir. 1987).

At the outset, it is far from clear that the U.S.-Mexico MLAT confidentiality provisions apply to many of the documents Ms. Diaz-Cortes requested, which include "US inter-agency communications" in addition to bilateral communications between the countries.  The MLAT provisions cover "a request and its contents" (under Article 4) and "information or evidence furnished" pursuant to such a request (under Article 6).  It is doubtful that all of the requested inter-agency communications contain such information, and even if they do, they likely contain additional information that falls outside the scope of the MLAT.  Even if the U.S.-Mexico confidentiality provisions remain operable, DOJ-CRM and DEA cannot expand them to cover other records and information.  This is anathema to agencies' obligations to apply Exemption 3 and relevant withholding statutes narrowly.  *Ctr. for Investigative Reporting*, 2021 WL 4314789, at *3.

Regardless, the agencies' invocation of Exemption 3 pursuant to the U.S.-Mexico MLAT to withhold the records fails because the confidentiality provisions of the treaty were violated, by the DOJ's own admission.  Under Article 4, Section 5 of the U.S.-Mexico MLAT, "[t]he requested State shall keep confidential a request and its contents unless otherwise authorized by the Coordinating Authority of the requesting Party."  And under Article 6, Section 2, "the

---

https://gonzalez.house.gov/media/press-releases/congressman-gonzalez-statement-trump-administration-s-release-former-mexican.

[26] Letter from Congressman Albio Sires and Congressman Vicente Gonzalez to Fiscal General Alejandro Gertz Manero, Nov. 19, 2020,
https://gonzalez.house.gov/sites/gonzalez.house.gov/files/Reps.%20Sires%20Gonzalez%20Letter%20to%20FG%20Gertz.pdf.

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160 ████████        TWITTER @CIRonline
████ WEB cironline.org ████

requested Party may request that information or evidence furnished be kept confidential[.]"  The DOJ and Mexico broke those confidentiality provision at least twice.  First, in the November 2020 joint statement the U.S. **and** Mexico waived the Article 4 confidentiality provision when they officially acknowledged that Mexico requested evidence regarding Cienfuegos and that the U.S. provided such evidence "under the Treaty that governs the sharing of evidence."[27]  Second, both countries violated the confidentiality provision enumerated in Article 6.  Mexico published hundreds of pages of the shared evidence, which the DOJ agreed broke the confidentiality provision.[28]  Subsequently, the U.S. issued numerous statements confirming that these records were shared under the treaty.

These facts sharply contrast with other cases where confidentiality was clearly preserved.  *Compare Dongkuk Int'l, Inc. v. DOJ*, 204 F. Supp. 3d 18, 29 (D.D.C. 2016) (denying access to MLAT-related records where confidentiality remained in tact and the foreign government produced only a *summary* of the MLAT request letter); *Grynberg v. DOJ*, 302 F. Supp. 3d 532, 540 (S.D.N.Y. 2018), *aff'd sub nom. Grynberg v. DOJ*, 758 F. App'x 162 (2d Cir. 2019) (denying access to MLAT records where foreign government and U.S. government wholly complied with MLAT confidentiality provisions).  Having publicly claimed Mexico violated the U.S.-Mexico MLAT confidentiality provisions, and subsequently confirming the records, the U.S. government cannot now hide behind the same provisions to categorically withhold the requested documents.

Under these circumstances, DOJ-CRM and DEA cannot invoke Exemption 3 and the U.S.-Mexico MLAT to categorically withhold the requested documents.

### F.     The government has not demonstrated any foreseeable harm that would result from disclosure of the communications.

As the D.C. Circuit recently explained, an agency's determination that a particular exemption applies "does not end the matter."  *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 369 (D.C. Cir. 2021) ("*RCFP*").  The agency must also demonstrate "foreseeable harm" would result from disclosure.  5 U.S.C. § 552(a)(8)(A)(i)(I).  "[T]he foreseeable harm requirement 'impose[s] an independent and meaningful burden on agencies.'"  *RCFP*, 3 F.4th at 369 (quoting *Center for Investigative Reporting v. Customs & Border Prot.*, 436 F. Supp. 3d 90, 106 (D.D.C. 2019)).  This is a distinct, nonduplicative burden that agencies shoulder in addition to demonstrating that a given exemption applies in the first place.  *Rosenberg v. Dep't of Def.*, 342 F. Supp. 3d 62, 79 (D.D.C. 2018) (holding "the government must do more than perfunctorily state" that disclosure would foreseeably harm an interest protected by the exemption).

---

[27] U.S.-Mexico joint statement, Nov. 2020, *supra* note 2.

[28] Hosenball, *supra* note 6 ("A DOJ spokesperson late Friday called the decision to publicize information shared with Mexico in confidence deeply disappointing. 'Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations,' the DOJ said.").

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160                    TWITTER @CIRonline
WEB  cironline.org

To satisfy the foreseeable harm requirement, "agencies must concretely explain how disclosure 'would'—not 'could'—adversely impair" the interest protected by the relevant exemption. *RCFP*, 3 F.4th at 369-70 (citations omitted). This requires an explanation that is both specific and objective: Agencies must "identify specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials" and "connect[] the harms in [a] meaningful way to the information withheld." *Judicial Watch, Inc. v. DOJ*, No. CV-17-0832, 2019 U.S. Dist. LEXIS 163473, at *14 (D.D.C. Sep. 24, 2019) (citing H.R. Rep. No. 114-391, at 9 ("An inquiry into whether an agency has reasonably foreseen a specific, identifiable harm that would be caused by a disclosure would require the ability to articulate both the nature of the harm and the link between the specified harm and specific information contained in the material withheld.")).

Neither DOJ-CRM nor DEA has attempted to make any showing of reasonably foreseeable harm that would result from disclosing the requested records, much less to "concretely explain" what "specific, identifiable harm" would occur if the requested records are released. As such, even if Exemption 7(C) and Exemption 3 apply, DOJ-CRM and DEA have not and likely could not meet their burden in showing a foreseeable harm where many of the facts about the investigation into Cienfuegos — and more than 750 pages of the underlying evidence against him — are already public. Indeed, the fact that DOJ itself made many details public about its investigation into Cienfuegos undercuts any argument that disclosure would harm an interest protected by Exemption 7(C). Similarly, the fact that both the U.S. and Mexican governments disclosed details of Mexico's request for evidence undercuts any argument that disclosure would harm an interest protected by Exemption 3 and the U.S.-Mexico MLAT.

## IV.    Conclusion

In conclusion, the Office of Information Policy should remand these requests to DOJ-CRM and DEA with directions to release all relevant information immediately. Should your office need clarification as to any aspect of the Request or this appeal, you may reach me at vbaranetsky@revealnews.org or (201) 306-4831.

Sincerely,

Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting

cc:    Anayansi Diaz-Cortes, Reporter and Producer, The Center for Investigative Reporting
       Shawn Musgrave, First Amendment Fellow, The Center for Investigative Reporting

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160                          TWITTER @CIRonline
WEB  cironline.org

# Exhibit J

Case 3:21-cv-09613-SK   Document 1-5   Filed 12/13/21   Page 60 of 103



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Acknowledgment of FOIA Appeal A-2022-00333

**Victoria Baranetsky** <vbaranetsky@revealnews.org>                Tue, Nov 23, 2021 at 4:58 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Administrator Email** <oip-noreply@usdoj.gov>
Date: Mon, Nov 22, 2021 at 6:53 PM
Subject: Acknowledgment of FOIA Appeal A-2022-00333
To: <vbaranetsky@revealnews.org>
CC: <No-Reply.OIP.FOIASTAR@usdoj.gov>

The Office of Information Policy has received your FOIA Appeal.  Please see the attached acknowledgment letter.
--
null

---

📄 **a-2022-00333.pdf**
267K



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*

*441 G Street, NW*

*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

November 22, 2021

vbaranetsky@revealnews.org

Dear Victoria Baranetsky, Esq.:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the Criminal Division regarding Request No. CRM-301667064 on 11/12/2021.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2022-00333 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

# Exhibit K



from The Center for Investigative Reporting

Saturday, August 7, 2021

FOIA/PA Unit (SARF)
Drug Enforcement Administration
8701 Morrissette Dr.
Springfield, VA 22152

Dear FOIA Officer:

This is a request under the Freedom of Information Act. I am a reporter with The Center for Investigative Reporting (henceforth "CIR") seeking all records related in whole or in part to a request for assistance from the Mexican government - whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication - regarding the criminal case "United States of America v. Salvador Cienfuegos Zepeda (CR 19-366).

We seek documents and communications created during the period of September 1, 2020, to December 31, 2020, that pertain to Mexico's interest in accessing information obtained in the course of the Cienfuegos investigation.

Responsive records should include bilateral communications between the Mexican and United States governments as well as any US inter-agency communications following Mexico's request for assistance. The types of documents requested include, but are not limited to, emails, letters, diplomatic exchanges, memoranda, telephone transcripts, meeting minutes, talking points, reports, legal records, and intelligence information. Please omit from your search and review all copies of press and media reports as well as all press statements and press releases.

Please note, the Department of Justice has publicly acknowledged the provision of materials regarding the Cienfuegos case through the MLAT on several occasions. Examples include the November 17, 2020 Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero, which states: "At the request of the Fiscalía General de la República, the US Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case and commits to continued cooperation, within that framework, to support the investigation by Mexican authorities." (See Attachment 1)



Additionally, a DOJ Spokesperson cited in a January 16, 2021 Reuters article commented on the Mexican Government's decision to publicize information shared through the MLAT, stating: "Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations." (See Attachment 2)

I certify that the statements contained in this letter regarding the alleged activity and public concern are true and correct to the best of my knowledge. Any information obtained from this request will be used for the public's interest in news stories written for CIR.

Please don't hesitate to contact me with any questions you may have.

Sincerely,

Anayansi Diaz-Cortes | Celu: 212.729.9184 | adiazcortes@revealnews.org
Reporter and Producer, Reveal from the Center for Investigative Reporting

**Enclosures**

**Attachment 1:**     "Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero." *Department of Justice: Office of Public Affairs*, November 17, 2020. https://www.justice.gov/opa/pr/joint-statement-attorney-general-united-states-william-p-barr-and-fiscal-general-mexico

**Attachment 2**:     Mark Hossenbal and Anthony Esposito. "U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister." *Reuters*, January 16, 2021. https://www.reuters.com/world/americas/us-deeply-disappointed-mexico-closed-probe-ex-defense-minister-2021-01-16

Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero | OPA | Department of Justice

8/6/21, 9:47 AM

🇺🇸 An official website of the United States government  Here's how you know ✉

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE                                                  Tuesday, November 17, 2020

## Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero

Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero issued today the following statement:

"On Oct. 15, 2020, former Mexican Secretary of National Defense General Salvador Cienfuegos Zepeda was arrested in Los Angeles, California, on U.S. charges of conspiracy to manufacture, import, and distribute narcotics into the United States and money laundering.

"The Mexican Fiscalía General de la República, upon learning of the arrest and U.S. charges against General Cienfuegos, opened its own investigation.

"In recognition of the strong law enforcement partnership between Mexico and the United States, and in the interests of demonstrating our united front against all forms of criminality, the U.S. Department of Justice has made the decision to seek dismissal of the U.S. criminal charges against former Secretary Cienfuegos, so that he may be investigated and, if appropriate, charged, under Mexican law.

"At the request of the Fiscalía General de la República, the U.S. Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case and commits to continued cooperation, within that framework, to support the investigation by Mexican authorities.

"Our two countries remain committed to cooperation on this matter, as well as all our bilateral law enforcement cooperation. As the decision today reflects, we are stronger when we work together and respect the sovereignty of our nations and their institutions. This close partnership increases the security of the citizens of both our countries."

**Component(s):**
Office of the Attorney General

**Press Release Number:**
20-1,249

*Updated November 17, 2020*

Welcome to the Reuters.com BETA. Read our Editor's note on how we're helping professionals make smart decisions.

Read more



Sign In 

January 16, 2021 11:59 AM EST Last Updated 7 months ago

**Americas**

# U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister

**Reuters,** **Mark Hosenball,** **Anthony Esposito**

5 minute read

   





Mexico's then defense minister, General Salvador Cienfuegos, addresses an audience during the 50th anniversary of the Plan of Assistance to the Population in case of Disaster (Plan DN-III-E) in Mexico City, Mexico July 12, 2017. REUTERS/Carlos Jasso

WASHINGTON, Jan 16 (Reuters) - The U.S. Department of Justice (DOJ) said it is "deeply disappointed" by Mexico's decision to close its investigation of ex-Defense Minister Salvador Cienfuegos, after the Mexican attorney general decided not to press charges.

The decision, which Mexican President Andres Manuel Lopez Obrador publicly backed on Friday, and a document dump by Mexico's government of U.S. evidence against Cienfuegos, threatens to strain strategic U.S.-Mexico security ties.

On Friday, on Lopez Obrador's instructions, the foreign ministry tweeted the link to a 751-page document that included detailed logs of alleged Blackberry communications. read more

A DOJ spokesperson late Friday called the decision to publicize information shared with Mexico in confidence deeply disappointing.

"Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations," the DOJ said.

Mexico's foreign ministry declined to comment on the DOJ's statement.

Lopez Obrador said he ordered the whole archive of documents released to the public because he wanted "complete transparency."

Late on Saturday, Mexico released another massive cache of documents online relating to the case. The files comprised thousands of pages, though many of them were heavily redacted.

Friday's released document includes text messages, often misspelled, between "Thor", "Superman", "Spartacus", "Samantha", and "Iron Man," suspects being tracked by U.S. Drug Enforcement Administration (DEA) agents in 2015 and 2016 whose chatter apparently identified Cienfuegos as an ally of drug cartels during the previous government.

It was not immediately clear what evidence was in the communications to show wrongdoing by Cienfuegos, however.

"Those conversations are not a smoking gun against Cienfuegos. But are they completely exculpatory? I don't think so either," said Mexican security analyst Alejandro Hope.

Hope said there was likely more evidence that was not included in the data dump.

John Ackerman, a doctor in constitutional law at the National Autonomous University of Mexico and vocal supporter of Lopez Obrador, was more critical.

"I will never defend Cienfuegos. The army committed all kinds of atrocities during the administration of Enrique Pena Nieto, but the DEA's 'evidence' is frankly a joke," Ackerman said on Twitter, suggesting the Blackberry messages were "written by a third- or fourth-rate narco or soldier."

The situation could put other probes and court cases in which Mexico needs U.S. collaboration at risk.

"Now they have created a major, major source of friction with the U.S., and that could really hobble not only this investigation but other investigations that President (Lopez Obrador) is really keen on," said Hope.

Cienfuegos, who was minister from 2012 to 2018 during the government of former President Pena Nieto, was arrested in October at Los Angeles airport on charges he worked with a powerful drug cartel.

U.S. prosecutors later dropped the case and returned him to Mexico to be prosecuted, with Lopez Obrador's administration vowing a thorough investigation of the case.

On Thursday, less than two months after Cienfuegos' return from the United States, Mexico's attorney general office concluded that he had no contact with members of the criminal organization and said it will not pursue criminal charges. **read more**

The DOJ spokesperson said the department "fully stands by its investigation and charges in this matter," that the documents show the case against Cienfuegos was not fabricated, and the information was lawfully gathered in the United States through a proper U.S. court order, in full respect of Mexico's sovereignty.

"A U.S. federal grand jury analyzed that material and other evidence and concluded that criminal charges against Cienfuegos were supported by the evidence."

Reporting by Mark Hosenball in Washington; Writing by Anthony Esposito Editing by Alistair Bell

Our Standards: **The Thomson Reuters Trust Principles.**

**More from Reuters**





**Sign up for our newsletter**

Subscribe for our daily curated newsletter to receive the latest exclusive Reuters coverage delivered to your inbox.

Sign up

# Exhibit L



Shawn Musgrave <smusgrave@revealnews.org>

---

## Fwd: DEA FOIA/PA Case Number: 21-00596-F

**Shawn Musgrave** <smusgrave@revealnews.org>
To: Shawn Musgrave <smusgrave@revealnews.org>

Mon, Dec 6, 2021 at 4:58 PM

---------- Forwarded message ---------
From: <Aneris.Kent@dea.gov>
Date: Mon, Aug 9, 2021 at 10:58 AM
Subject: DEA FOIA/PA Case Number: 21-00596-F
To: <adiazcortes@revealnews.org>

Good afternoon Ms. Diaz-Cortes:

This is to acknowledge receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request by the Drug Enforcement Administration, FOIA/PA Section. This response is a courtesy reply. It does not replace the acknowledgement letter that will be sent to you once your request has been reviewed by our Intake Unit. Please note, requests are handled in the order they are received. We will advise you if any additional information is required.

Please be advised, due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request.

You may wish to visit DEA's public facing website at www.dea.gov or the FOIA Library available at https://www.dea.gov/divisions/dea-foia-library to determine if the information you seek is already available to the public.

You may contact our FOIA Public Liaison at (571) 776-3139 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at 1-877-684-6448; or facsimile at (202) 741-5769.

If you have any questions regarding this email, you may contact our FOIA Requester Service Center at (571) 776-2300. Thank you for your patience as we work to complete the processing of your request.

Sincerely,

Aneris Kent
FOIA/PA Specialist
Intake Unit
FOIA/PA Section
Drug Enforcement Administration
Telephone: (571) 776-2971
E-mail: Aneris.Kent@dea.gov

PRIVACY ACT NOTICE: This e-mail (including any attachments herein) may contain personal and privileged information that requires protection in compliance with the Privacy Act of 1974 (5 U.S.C. § 552a). Any use of this information by anyone other than the intended recipient is prohibited. If you have received this communication in error, please immediately delete all copies of this information and notify me by e-mail. The use, dissemination, distribution, or reproduction of this communication by unintended recipients in not authorized and may be unlawful.

--
Anayansi Diaz-Cortes | Reporter/Producer
Celu: 212.729.9184  | @anayansi_dc
adiazcortes@revealnews.org



--
null


--
Anayansi Diaz-Cortes | Reporter/Producer
Celu: 212.729.9184  | @anayansi_dc
adiazcortes@revealnews.org

# Exhibit M



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: DEA FOIA/PA Case Number: 21-00596-F

**Shawn Musgrave** <smusgrave@revealnews.org>
To: Shawn Musgrave <smusgrave@revealnews.org>

Wed, Oct 27, 2021 at 1:19 PM

---------- Forwarded message ---------
From: <Gevorg.G.Margaryan@dea.gov>
Date: Mon, Oct 25, 2021 at 5:57 AM
Subject: DEA FOIA/PA Case Number: 21-00596-F
To: <adiazcortes@revealnews.org>

Dear Ms. Diaz-Cortes:

Please see the attached a determination letter regarding your Freedom of Information/Privacy Act request 21-00596-F.  If you have any questions, please contact our FOIA Requester Service Center at (571) 776-2300.

Sincerely,

George Margaryan
FOIA/PA Specialist
Freedom of Information/Privacy Act Section
Drug Enforcement Administration
Telephone: (571) 776-3004
E-mail: Gevorg.G.Margaryan@dea.gov


PRIVACY ACT NOTICE:  This e-mail (including any attachments herein) may contain personal and privileged information that requires protection in compliance with the Privacy Act of 1974 (5 U.S.C. § 552a).  Any use of this information by anyone other than the intended recipient is prohibited.  If you have received this communication in error, please immediately delete all copies of this information and notify me by e-mail.  The use, dissemination, distribution, or reproduction of this communication by unintended recipients is not authorized and may be unlawful.


--
Anayansi Diaz-Cortes | Reporter/Producer
Celu: 212.729.9184  | @anayansi_dc
adiazcortes@revealnews.org



---

📄 **21-00596-F - Determination Letter.pdf**
300K



**U.S. Department of Justice**
Drug Enforcement Administration
FOIA and Privacy Act Section
8701 Morrissette Drive
Springfield, Virginia  22152

October 22, 2021

Case Number: 21-00596-F

Subject: Information regarding the request for assistance from the Mexican government by Mutual Legal Assistance Treaty (MLAT), letter rogatory, or other communications pertaining to the case United States of America v. Salvador Cienfuegos Zepeda (CR 19-366), and Mexico's interest in accessing information obtained in the Cienfuegos investigation (Date Range: September 1, 2020 to December 31, 2020)

Ms. Anayansi Diaz-Cortes
Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, California 94608
*Sent via e-mail:* adiazcortes@revealnews.org

Dear Ms. Diaz-Cortes:

This letter responds to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated August 7, 2021, addressed to the Drug Enforcement Administration (DEA), FOIA/PA Section, seeking access to information regarding the above subject.

To the extent that non-public responsive records exist, without consent, proof of death (*e.g.,* a copy of a death certificate or an obituary), or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy.  *See* 5 U.S.C. § 552(b)(7)(C).  Because any non-public records responsive to your request would be categorically exempt from disclosure, this office is not required to conduct a search for the requested records.  Furthermore, this information would also be exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3), which concerns matters specifically exempted from release by statute (here, Treaty on Cooperation Between the United States of America and the United Mexican States for Mutual Legal Assistance, U.S.-Mex., Dec. 9, 1987, S. TREATY DOC. NO. 100-13 (1988)).

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Case Number: 21-00596-F                                                                Page 2

        You may contact our FOIA Public Liaison at (571) 776-2300 for any further assistance and
to discuss any aspect of your request.  Additionally, you may contact the Office of Government
Information Services (OGIS) at the National Archives and Records Administration to inquire
about the FOIA mediation services they offer.  The contact information for OGIS is as follows:
Office of Government Information Services, National Archives and Records Administration,
Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov;
telephone at (202) 741-5770; toll free at 1-877-684-6448; or facsimile at (202) 741-5769.

        If you are not satisfied with DEA's determination in response to this request, you may
administratively appeal by writing to the Director, Office of Information Policy (OIP), United
States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may
submit an appeal through OIP's FOIA STAR portal by creating an account following the
instructions on OIP's website:  https://www.justice.gov/oip/submit-and-track-request-or-
appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date
of my response to your request.  If you submit your appeal by mail, both the letter and the
envelope should be clearly marked "Freedom of Information Act Appeal."

        If you have any questions regarding this letter, you may contact FOIA/PA Section
representative George Margaryan via e-mail at Gevorg.G.Margaryan@dea.gov or by calling
(571) 776-3004.

                                        Sincerely,




                                        Kelleigh A. Miller, Chief
                                        Freedom of Information and Privacy Act Section
                                        Office of Administration


Enclosure

## EXPLANATION OF EXEMPTIONS
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)(A) Specifically authorized under criteria established by an executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such executive order.

(b)(2) Related solely to the internal personnel rules and practices of an agency.

(b)(3) Specifically exempted from disclosure by statute (other than section 552b of this title), if that statute-(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

(b)(4) Trade secrets and commercial or financial information obtained from a person and privileged or confidential.

(b)(5) Inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

(b)(6) Personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7) Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information: (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or; (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) Contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions.

(b)(9) Geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5) Information compiled in reasonable anticipation of a civil action proceeding.

(j)(2) Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1) Information which is currently and properly classified pursuant to an executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods.

(k)(2) Non-criminal law enforcement records compiled by any agency, or criminal law enforcement records compiled by a non-principal function criminal law enforcement agency which did not result in loss of a right, benefit, or privilege under federal programs or which would identify a source who provided information contained in the materials under the promise of confidentiality.

(k)(3) Material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) Required by statute to be maintained and used solely as statistical records.

(k)(5) Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence.

(k)(6) Testing or examination material used to determine individual qualifications for appointment or promotion in federal government service, the release of which would compromise the testing or examination process.

(k)(7) Material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

Exhibit N



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Acknowledgment of FOIA Appeal A-2022-00334

**Victoria Baranetsky** <vbaranetsky@revealnews.org>                    Tue, Nov 23, 2021 at 4:58 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---

---------- Forwarded message ---------
From: **Administrator Email** <oip-noreply@usdoj.gov>
Date: Mon, Nov 22, 2021 at 7:03 PM
Subject: Acknowledgment of FOIA Appeal A-2022-00334
To: <vbaranetsky@revealnews.org>
CC: <No-Reply.OIP.FOIASTAR@usdoj.gov>

The Office of Information Policy has received your FOIA Appeal.  Please see the attached acknowledgment letter.
--
null

---

📄 **a-22-00334.pdf**
265K



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*

*441 G Street, NW*

*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

November 22, 2021

vbaranetsky@revealnews.org

Dear Victoria Baranetsky, Esq.:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the DEA regarding Request No. 21-00596-F on 11/12/2021.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2022-00334 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones

Supervisory Administrative Specialist

# Exhibit O



from The Center for Investigative Reporting

Saturday, August 7, 2021

FOIA/Privacy Staff
Executive Office for United States Attorneys, Department of Justice
600 E St. NW (BICN Rm. 7300)
Washington, DC
20530-001

Dear FOIA Officer,

This is a request under the Freedom of Information Act. I am a reporter with The Center for Investigative Reporting (henceforth "CIR") seeking all records of the U.S. Attorney's Office for the Eastern District of New York (E.D.N.Y.) related in whole or in part to a request for assistance from the Mexican government - whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication - regarding the criminal case "United States of America v. Salvador Cienfuegos Zepeda (CR 19-366).

We seek documents and communications created during the period of September 1, 2020, to December 31, 2020, that pertain to Mexico's interest in accessing information obtained in the course of the Cienfuegos investigation.

Responsive records should include bilateral communications between the Mexican and United States governments as well as any US inter-agency communications following Mexico's request for assistance. The types of documents requested include, but are not limited to, emails, letters, diplomatic exchanges, memoranda, telephone transcripts, meeting minutes, talking points, reports, legal records, and intelligence information. Please omit from your search and review all copies of press and media reports as well as all press statements and press releases.

Please note, the Department of Justice has publicly acknowledged the provision of materials regarding the Cienfuegos case through the MLAT on several occasions. Examples include the November 17, 2020 Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero, which states: "At the request of the Fiscalía General de la República, the US Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case and commits to continued cooperation, within that framework, to support the investigation by Mexican authorities." (See Attachment 1)

1400 65th, Suite 200  Emeryville, CA 94608
PHONE 510  809  3160                                   TWITTER @reveal
WEB revealnews.org



from The Center for Investigative Reporting

Additionally, a DOJ Spokesperson cited in a January 16, 2021 Reuters article commented on the Mexican Government's decision to publicize information shared through the MLAT, stating: "Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations." (See Attachment 2)

I certify that the statements contained in this letter regarding the alleged activity and public concern are true and correct to the best of my knowledge. Any information obtained from this request will be used for the public's interest in news stories written for CIR.

Please don't hesitate to contact me with any questions you may have.

Sincerely,

Anayansi Diaz-Cortes | Celu: 212.729.9184 | adiazcortes@revealnews.org
Reporter and Producer, Reveal from the Center for Investigative Reporting

**Enclosures**

**Attachment 1:**     "Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero." *Department of Justice: Office of Public Affairs*, November 17, 2020. https://www.justice.gov/opa/pr/joint-statement-attorney-general-united-states-william-p-barr-and-fiscal-general-mexico

**Attachment 2**:     Mark Hossenbal and Anthony Esposito. "U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister." *Reuters*, January 16, 2021. https://www.reuters.com/world/americas/us-deeply-disappointed-mexico-closed-probe-ex-defense-minister-2021-01-16

Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero | OPA | Department of Justice

Case 3:21-cv-09613-SK   Document 1-5   Filed 12/13/21   Page 84 of 103

8/6/21, 9:47 AM

An official website of the United States government  Here's how you know 🇺🇸

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE                                      Tuesday, November 17, 2020

## Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero

Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero issued today the following statement:

"On Oct. 15, 2020, former Mexican Secretary of National Defense General Salvador Cienfuegos Zepeda was arrested in Los Angeles, California, on U.S. charges of conspiracy to manufacture, import, and distribute narcotics into the United States and money laundering.

"The Mexican Fiscalía General de la República, upon learning of the arrest and U.S. charges against General Cienfuegos, opened its own investigation.

"In recognition of the strong law enforcement partnership between Mexico and the United States, and in the interests of demonstrating our united front against all forms of criminality, the U.S. Department of Justice has made the decision to seek dismissal of the U.S. criminal charges against former Secretary Cienfuegos, so that he may be investigated and, if appropriate, charged, under Mexican law.

"At the request of the Fiscalía General de la República, the U.S. Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case and commits to continued cooperation, within that framework, to support the investigation by Mexican authorities.

"Our two countries remain committed to cooperation on this matter, as well as all our bilateral law enforcement cooperation. As the decision today reflects, we are stronger when we work together and respect the sovereignty of our nations and their institutions. This close partnership increases the security of the citizens of both our countries."

**Component(s):**
Office of the Attorney General

**Press Release Number:**
20-1,249

*Updated November 17, 2020*

Welcome to the Reuters.com BETA. Read our Editor's note on how we're helping professionals make smart decisions.

Read more

 REUTERS®

Sign In 

January 16, 2021 11:59 AM EST Last Updated 7 months ago

**Americas**

# U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister

**Reuters,  Mark Hosenball,  Anthony Esposito**

5 minute read

   





Mexico's then defense minister, General Salvador Cienfuegos, addresses an audience during the 50th anniversary of the Plan of Assistance to the Population in case of Disaster (Plan DN-III-E) in Mexico City, Mexico July 12, 2017. REUTERS/Carlos Jasso

WASHINGTON, Jan 16 (Reuters) - The U.S. Department of Justice (DOJ) said it is "deeply disappointed" by Mexico's decision to close its investigation of ex-Defense Minister Salvador Cienfuegos, after the Mexican attorney general decided not to press charges.

The decision, which Mexican President Andres Manuel Lopez Obrador publicly backed on Friday, and a document dump by Mexico's government of U.S. evidence against Cienfuegos, threatens to strain strategic U.S.-Mexico security ties.

On Friday, on Lopez Obrador's instructions, the foreign ministry tweeted the link to a 751-page document that included detailed logs of alleged Blackberry communications. read more

A DOJ spokesperson late Friday called the decision to publicize information shared with Mexico in confidence deeply disappointing.

"Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations," the DOJ said.

Mexico's foreign ministry declined to comment on the DOJ's statement.

Lopez Obrador said he ordered the whole archive of documents released to the public because he wanted "complete transparency."

Late on Saturday, Mexico released another massive cache of documents online relating to the case. The files comprised thousands of pages, though many of them were heavily redacted.

Friday's released document includes text messages, often misspelled, between "Thor", "Superman", "Spartacus", "Samantha", and "Iron Man," suspects being tracked by U.S. Drug Enforcement Administration (DEA) agents in 2015 and 2016 whose chatter apparently identified Cienfuegos as an ally of drug cartels during the previous government.

It was not immediately clear what evidence was in the communications to show wrongdoing by Cienfuegos, however.

"Those conversations are not a smoking gun against Cienfuegos. But are they completely exculpatory? I don't think so either," said Mexican security analyst Alejandro Hope.

Hope said there was likely more evidence that was not included in the data dump.

John Ackerman, a doctor in constitutional law at the National Autonomous University of Mexico and vocal supporter of Lopez Obrador, was more critical.

"I will never defend Cienfuegos. The army committed all kinds of atrocities during the administration of Enrique Pena Nieto, but the DEA's 'evidence' is frankly a joke," Ackerman said on Twitter, suggesting the Blackberry messages were "written by a third- or fourth-rate narco or soldier."

The situation could put other probes and court cases in which Mexico needs U.S. collaboration at risk.

"Now they have created a major, major source of friction with the U.S., and that could really hobble not only this investigation but other investigations that President (Lopez Obrador) is really keen on," said Hope.

Cienfuegos, who was minister from 2012 to 2018 during the government of former President Pena Nieto, was arrested in October at Los Angeles airport on charges he worked with a powerful drug cartel.

U.S. prosecutors later dropped the case and returned him to Mexico to be prosecuted, with Lopez Obrador's administration vowing a thorough investigation of the case.

On Thursday, less than two months after Cienfuegos' return from the United States, Mexico's attorney general office concluded that he had no contact with members of the criminal organization and said it will not pursue criminal charges. **read more**

The DOJ spokesperson said the department "fully stands by its investigation and charges in this matter," that the documents show the case against Cienfuegos was not fabricated, and the information was lawfully gathered in the United States through a proper U.S. court order, in full respect of Mexico's sovereignty.

"A U.S. federal grand jury analyzed that material and other evidence and concluded that criminal charges against Cienfuegos were supported by the evidence."

Reporting by Mark Hosenball in Washington; Writing by Anthony Esposito Editing by Alistair Bell

Our Standards: **The Thomson Reuters Trust Principles.**

**More from Reuters**





### Sign up for our newsletter

Subscribe for our daily curated newsletter to receive the latest exclusive Reuters coverage delivered to your inbox.

Sign up

Exhibit P



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff                    *Suite 5.400, 3CON Building*          *(202) 252-6020*
                                                           *175N Street, NE*
                                                           *Washington, DC 20530*


August 18, 2021


VIA EMAIL


Ms. Anayansi Diaz-Cortes
Reveal from the Center for Investigative Reporting
1400 65th St.
Suite 200
Emeryville, CA  94608
adiazcortes@revealnews.org


      Re: Request Number: EOUSA-2021-002971
      Subject of Request: Records Regardig U.S. v. Salvador Cienfuegos Zepeda (CR 19-366)

Dear Anayansi Diaz-Cortes:

      This letter acknowledges receipt of your Freedom of Information Act/**Privacy Act** (FOIA) request in the Executive Office for United States Attorneys (EOUSA). Your request has been assigned the above tracking number. Please refer to this number in any future correspondence with this Office.

      *Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request.*

      The records you seek require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore falls within "unusual circumstances." *See* 5 U.S.C.S § 552(a)(6)(B)(i)-(iii). Accordingly, we are extending the time limit to respond to our request beyond the ten additional days provided by the statute. The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited.  Each request is then handled on a first-in, first-out basis in relation to other requests in the same track.  Simple requests usually receive a response in approximately 30 business days, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track.

      Under FOIA and Department of Justice regulations you may be required to pay certain

costs associated with processing your request, including, searching for, reviewing, and duplicating requested records. Consequently, you may incur those costs, unless you have requested and been granted a waiver or reduction in fees. If you have requested a fee waiver, we have not yet made a decision on your request. We will do so after we determine whether the processing of your request will result in any assessable fees. In most instances, the first 100 pages to duplicate and the first two hours to search for records responsive to your request, will be provided to you free of charge. If after making those allowances, we determine that the cost to process your request will amount to more than $25.00, we will notify you in writing at a later date.[1]  Requests that are specific, concrete and of limited scope (in time and/or subject matter) generally enable us to respond to you more quickly and possibly assess lower fees. To avoid delay and reduce any potential fees, we respectfully request that you modify and narrow the scope of your request (*See* Attachment).

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request.  The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director


Attachment

**THIS IS NOT A BILL.  DO NOT SEND MONEY**

Requester: Anayansi Diaz-Cortes                    Request No. <u>EOUSA-2021-002971</u>

**CHOOSE ONE**


\_\_\_\_ I wish to narrow my request in an attempt to obtain a quicker response and/or reduce fees as follows:


\_\_\_\_ I understand that I am entitled to the first 100 pages and two hours of search time for free. Please do not search beyond two hours, nor duplicate beyond 100 pages.


\_\_\_\_ I agree to pay up to the following amount for duplication and search time: $_____. **I understand that this payment is required even if no documents are located or released to me**.  In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.


\_\_\_\_I wish to withdraw my request.




_____          _____
Signature                                              Date


Please return to:
EOUSA
FOIA/PA
175 N Street, NE, 5th Floor, FOIA Suite
Washington, DC 20530

# Exhibit Q



from The Center for Investigative Reporting

Saturday, August 7, 2021

Office of Information Programs and Services
(A/GIS/IPS/RL)
Department of State
2201 C St. NW, Rm. B266
Washington, DC 20520-0000

Dear FOIA Officer:

This is a request under the Freedom of Information Act. I am a reporter with The Center for Investigative Reporting (henceforth "CIR") seeking all records related in whole or in part to a request for assistance from the Mexican government - whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication - regarding the criminal case "United States of America v. Salvador Cienfuegos Zepeda (CR 19-366).

We seek documents and communications created during the period of September 1, 2020, to December 31, 2020, that pertain to Mexico's interest in accessing information obtained in the course of the Cienfuegos investigation.

Responsive records should include bilateral communications between the Mexican and United States governments as well as any US inter-agency communications following Mexico's request for assistance. The types of documents requested include, but are not limited to, emails, letters, diplomatic exchanges, memoranda, telephone transcripts, meeting minutes, talking points, reports, legal records, and intelligence information. Please omit from your search and review all copies of press and media reports as well as all press statements and press releases.

Please note, the Department of Justice has publicly acknowledged the provision of materials regarding the Cienfuegos case through the MLAT on several occasions. Examples include the November 17, 2020 Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero, which states: "At the request of the Fiscalía General de la República, the US Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case and commits to continued cooperation, within that framework, to support the investigation by Mexican authorities." (See Attachment 1)



Additionally, a DOJ Spokesperson cited in a January 16, 2021 Reuters article commented on the Mexican Government's decision to publicize information shared through the MLAT, stating: "Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations." (See Attachment 2)

I certify that the statements contained in this letter regarding the alleged activity and public concern are true and correct to the best of my knowledge. Any information obtained from this request will be used for the public's interest in news stories written for CIR.

Please don't hesitate to contact me with any questions you may have.

Sincerely,

Anayansi Diaz-Cortes | Celu: 212.729.9184 | adiazcortes@revealnews.org
Reporter and Producer, Reveal from the Center for Investigative Reporting

**Enclosures**

**Attachment 1:**   "Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero." *Department of Justice: Office of Public Affairs*, November 17, 2020. https://www.justice.gov/opa/pr/joint-statement-attorney-general-united-states-william-p-barr-and-fiscal-general-mexico

**Attachment 2**:   Mark Hossenbal and Anthony Esposito. "U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister." *Reuters*, January 16, 2021. https://www.reuters.com/world/americas/us-deeply-disappointed-mexico-closed-probe-ex-defense-minister-2021-01-16

Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero | OPA | Department of Justice

Case 3:21-cv-09613-SK Document 1-5 Filed 12/13/21 Page 96 of 103

8/6/21, 9:47 AM

🇺🇸 An official website of the United States government  Here's how you know ✉

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE

Tuesday, November 17, 2020

## Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero

Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero issued today the following statement:

"On Oct. 15, 2020, former Mexican Secretary of National Defense General Salvador Cienfuegos Zepeda was arrested in Los Angeles, California, on U.S. charges of conspiracy to manufacture, import, and distribute narcotics into the United States and money laundering.

"The Mexican Fiscalía General de la República, upon learning of the arrest and U.S. charges against General Cienfuegos, opened its own investigation.

"In recognition of the strong law enforcement partnership between Mexico and the United States, and in the interests of demonstrating our united front against all forms of criminality, the U.S. Department of Justice has made the decision to seek dismissal of the U.S. criminal charges against former Secretary Cienfuegos, so that he may be investigated and, if appropriate, charged, under Mexican law.

"At the request of the Fiscalía General de la República, the U.S. Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case and commits to continued cooperation, within that framework, to support the investigation by Mexican authorities.

"Our two countries remain committed to cooperation on this matter, as well as all our bilateral law enforcement cooperation. As the decision today reflects, we are stronger when we work together and respect the sovereignty of our nations and their institutions. This close partnership increases the security of the citizens of both our countries."

**Component(s):**
Office of the Attorney General

**Press Release Number:**
20-1,249

*Updated November 17, 2020*

Welcome to the Reuters.com BETA. Read our Editor's note on how we're helping professionals make smart decisions.

Read more

 REUTERS®

Sign In 

January 16, 2021 11:59 AM EST Last Updated 7 months ago

**Americas**

# U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister

**Reuters,  Mark Hosenball,  Anthony Esposito**                                        5 minute read

   





Mexico's then defense minister, General Salvador Cienfuegos, addresses an audience during the 50th anniversary of the Plan of Assistance to the Population in case of Disaster (Plan DN-III-E) in Mexico City, Mexico July 12, 2017. REUTERS/Carlos Jasso

WASHINGTON, Jan 16 (Reuters) - The U.S. Department of Justice (DOJ) said it is "deeply disappointed" by Mexico's decision to close its investigation of ex-Defense Minister Salvador Cienfuegos, after the Mexican attorney general decided not to press charges.

The decision, which Mexican President Andres Manuel Lopez Obrador publicly backed on Friday, and a document dump by Mexico's government of U.S. evidence against Cienfuegos, threatens to strain strategic U.S.-Mexico security ties.

On Friday, on Lopez Obrador's instructions, the foreign ministry tweeted the link to a 751-page document that included detailed logs of alleged Blackberry communications. read more

A DOJ spokesperson late Friday called the decision to publicize information shared with Mexico in confidence deeply disappointing.

"Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States, and calls into question whether the United States can continue to share information to support Mexico's own criminal investigations," the DOJ said.

Mexico's foreign ministry declined to comment on the DOJ's statement.

Lopez Obrador said he ordered the whole archive of documents released to the public because he wanted "complete transparency."

Late on Saturday, Mexico released another massive cache of documents online relating to the case. The files comprised thousands of pages, though many of them were heavily redacted.

Friday's released document includes text messages, often misspelled, between "Thor", "Superman", "Spartacus", "Samantha", and "Iron Man," suspects being tracked by U.S. Drug Enforcement Administration (DEA) agents in 2015 and 2016 whose chatter apparently identified Cienfuegos as an ally of drug cartels during the previous government.

It was not immediately clear what evidence was in the communications to show wrongdoing by Cienfuegos, however.

"Those conversations are not a smoking gun against Cienfuegos. But are they completely exculpatory? I don't think so either," said Mexican security analyst Alejandro Hope.

Hope said there was likely more evidence that was not included in the data dump.

John Ackerman, a doctor in constitutional law at the National Autonomous University of Mexico and vocal supporter of Lopez Obrador, was more critical.

"I will never defend Cienfuegos. The army committed all kinds of atrocities during the administration of Enrique Pena Nieto, but the DEA's 'evidence' is frankly a joke," Ackerman said on Twitter, suggesting the Blackberry messages were "written by a third- or fourth-rate narco or soldier."

The situation could put other probes and court cases in which Mexico needs U.S. collaboration at risk.

"Now they have created a major, major source of friction with the U.S., and that could really hobble not only this investigation but other investigations that President (Lopez Obrador) is really keen on," said Hope.

Cienfuegos, who was minister from 2012 to 2018 during the government of former President Pena Nieto, was arrested in October at Los Angeles airport on charges he worked with a powerful drug cartel.

U.S. prosecutors later dropped the case and returned him to Mexico to be prosecuted, with Lopez Obrador's administration vowing a thorough investigation of the case.

On Thursday, less than two months after Cienfuegos' return from the United States, Mexico's attorney general office concluded that he had no contact with members of the criminal organization and said it will not pursue criminal charges. **read more**

The DOJ spokesperson said the department "fully stands by its investigation and charges in this matter," that the documents show the case against Cienfuegos was not fabricated, and the information was lawfully gathered in the United States through a proper U.S. court order, in full respect of Mexico's sovereignty.

"A U.S. federal grand jury analyzed that material and other evidence and concluded that criminal charges against Cienfuegos were supported by the evidence."

Reporting by Mark Hosenball in Washington; Writing by Anthony Esposito Editing by Alistair Bell

Our Standards: **The Thomson Reuters Trust Principles.**

## More from Reuters





### Sign up for our newsletter

Subscribe for our daily curated newsletter to receive the latest exclusive Reuters coverage delivered to your inbox.

Sign up

# Exhibit R



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Ref: F-2021-09073, Freedom of Information Act Acknowledgement

**Shawn Musgrave** <smusgrave@revealnews.org>                    Fri, Dec 3, 2021 at 11:23 AM
To: Shawn Musgrave <smusgrave@revealnews.org>

---

On Tue, Aug 17, 2021 at 12:25 PM Anayansi Diaz-Cortes <adiazcortes@revealnews.org> wrote:

---------- Forwarded message ---------
From: <A_FOIAacknowledgement@groups.state.gov>
Date: Tue, Aug 17, 2021 at 9:10 AM
Subject: Ref: F-2021-09073, Freedom of Information Act Acknowledgement
To: <adiazcortes@revealnews.org>

**THIS EMAIL BOX IS NOT MONITORED, PLEASE DO NOT REPLY TO THIS EMAIL.**

Ms. Diaz-Cortes:

This email acknowledges receipt of your August 7, 2021, Freedom of Information Act (FOIA) (5 U.S.C. § 552) request received by the U.S. Department of State, Office of Information Programs and Services on August 9, 2021, regarding a request for assistance from the Mexican government - whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication - regarding the criminal case "United States of America v. Salvador Cienfuegos Zepeda (CR 19-366) (Date Range for Record Search: From 9/1/2020 To 12/31/2020).  Unless you advise otherwise, we will treat as non-responsive any compilations of publicly available news reports and any publicly available documents not created by the U.S. government, such as mass-distribution emails from news media.  This Office assigned your request the subject reference number and placed it in the complex processing track where it will be processed as quickly as possible.  See 22 CFR § 171.11(h).

This Office will not be able to respond within the 20 days provided by the statute due to "unusual circumstances."  See 5 U.S.C. § 552(a)(6)(B)(i)-(iii).  In this instance, the unusual circumstances include the need to search for and collect requested records from other Department offices or Foreign Service posts.

If you have any questions regarding your request, would like to narrow the scope or arrange an alternative time frame to speed its processing, or would like an estimated date of completion, please contact our FOIA Requester Service Center or our FOIA Public Liaison by email at FOIAstatus@state.gov or telephone at 202-261-8484.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

**THIS EMAIL BOX IS NOT MONITORED, PLEASE DO NOT REPLY TO THIS EMAIL.**

--

Anayansi Diaz-Cortes | Reporter/Producer
Celu: 212.729.9184 | @anayansi_dc
adiazcortes@revealnews.org

--
Megan DeTura
Research Assistant
National Security Archive

--
Victoria D. Baranetsky
General Counsel
**(w)** 510-982-2890
**(c)** 201-306-4831
**PGP** EA48 1FB7 98E3 156E 3AFF  6748 F7B1 8B23 0838 D7F5