D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Shawn Musgrave (SBN 341359)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
smusgrave@revealnews.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and ANAYANSI DIAZ-CORTES,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE and U.S. DEPARTMENT OF STATE,<br><br>Defendants. | Case No. 3:21-cv-09613-SK<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF** |

## INTRODUCTION

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. The Center for Investigative Reporting ("CIR") and Anayansi Diaz-Cortes (collectively, "Plaintiffs") seek processing and release of agency records requested from the U.S. Department of Justice, Criminal Division (hereinafter "DOJ-CRM"), the U.S. Department of Justice, Executive Office of United States Attorneys (hereinafter "EOUSA"),

the U.S. Drug Enforcement Administration (hereinafter "DEA") (collectively all three agencies will be referred to as "DOJ"), and the U.S. Department of State (hereinafter "DOS") (collectively, "Defendants").

2. In August 2020, a federal grand jury indicted the former Mexican Secretary of National Defense, General Salvador Cienfuegos Zepeda (hereinafter "Cienfuegos"), in the U.S. District Court for the Eastern District of New York.

3. Two months later, U.S. authorities arrested Cienfuegos in Los Angeles, California, on federal charges of conspiracy to manufacture, import, and distribute narcotics into the United States and money laundering.

4. The Mexican Fiscalía General de la República ("FGR"), the DOJ's counterpart in Mexico, opened its own investigation upon learning of the arrest and U.S. charges against Cienfuegos.

5. Subsequently, the DOJ dismissed its charges but provided evidence to aid Mexico's investigation into Cienfuegos at the request of the Mexican authorities pursuant to the mutual legal assistance treaty that governs the international sharing of evidence for criminal matters. *See* Mutual Legal Assistance Cooperation Treaty with Mexico, U.S.-Mex., Dec. 9, 1987, S. Treaty Doc. No. 100-13, 1987 WL 890783 at *4 ("U.S.-Mexico MLAT" or "MLAT").

6. Ultimately, Mexican authorities declined to charge Cienfuegos and published online hundreds of pages of evidence shared by the DOJ pursuant to the MLAT. In response, the DOJ acknowledged the veracity of the disclosed evidence but faulted the Mexican government for violating the bilateral U.S.-Mexico MLAT.

7. In August 2021, Plaintiffs submitted FOIA requests to the Defendants seeking records related to the Mexican government's request to the U.S. government under the MLAT for evidence regarding Cienfuegos.

8. To date, Defendants have failed to comply with FOIA's statutory deadlines and have improperly withheld records responsive to these FOIA requests.

9. Plaintiffs have exhausted all administrative remedies.

10. The requested records are of significant public interest because they pertain to the

former Mexican Secretary of Defense, an international political figure who was the subject of two federal investigations, including one in the United States. The DOJ's investigation involved Cienfuegos' alleged ties to Mexican drug cartels that gravely impacted the American people. In addition, some reports have suspected the retired general was linked to a government cover-up of the disappearance of 43 Mexican students in the town of Ayotzinapa, Mexico after a Mexican drug cartel worked in concert with the Mexican military. Both sets of allegations have been widely covered in the media, both in the United States and in Mexico.

11.     The requested records are of particular interest to Plaintiffs because, as members of the news media, they have an abiding interest in informing the public about matters of serious public concern, particularly how these matters impact Americans today. Plaintiffs intend to use this material or information gleaned from it for a story they are currently working on.

12.     Plaintiffs now ask the Court for an injunction requiring Defendants to promptly release the withheld records.

## JURISDICTION

13.     The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

## VENUE AND INTRADISTRICT ASSIGNMENT

14.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402. Plaintiff CIR has its principal place of business in this district.

15.     Assignment to the San Francisco Division or the Oakland Division is proper pursuant to Local Rules 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

## PARTIES

16.     Plaintiff CIR publishes *Reveal*, an online news site, at revealnews.org, and *Reveal*, a weekly public radio show with approximately 3 million listeners per week, as well as documentaries

and other media. Founded in 1977 as the first non-profit investigative news organization in the country, CIR has received multiple awards for its reporting. CIR is a non-profit established under the laws of the State of California, with its primary office in Emeryville, California.

17. Plaintiff Anayansi Diaz-Cortes is a senior reporter for *Reveal* and an employee of CIR. *Anayansi Diaz-Cortes*, Reveal, https://www.revealnews.org/author/anayansi-diaz-cortes.

18. Defendant DOJ is a department of the executive branch of the United States government. DOJ-CRM, EOUSA, and DEA are all components of the DOJ and are all federal agencies within the meaning of 5 U.S.C. § 552(f). CIR is informed and believes that the DOJ-CRM, the DEA, and the EOUSA have possession and control of the records sought by its FOIA requests.

19. Defendant DOS is a department of the executive branch of the United States government and a federal agency within the meaning of 5 U.S.C. § 552(f). CIR is informed and believes that the DOS has possession and control of the records sought by its Request.

**FACTUAL BACKGROUND**

**U.S. Publicly Shares Evidence with Mexico Regarding Cienfuegos**

20. This case concerns investigations by both the U.S. and Mexican governments into General Salvador Cienfuegos Zepeda, the former Mexican Secretary of National Defense.

21. In August 2020, a federal grand jury in the U.S. District Court for the Eastern District of New York indicted Cienfuegos for "U.S. charges of conspiracy to manufacture, import, and distribute narcotics into the United States and money laundering," according to a November 2020 joint press release issued by the DOJ and its Mexican counterpart, La Fiscalía General de la República ("FGR").[1] DOJ, *Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero*, Nov. 17, 2020, https://www.justice.gov/opa/pr/joint-statement-attorney-general-united-states-william-p-barr-and-

---

[1] *See also* Indictment, *United States v. Cienfuegos Zepeda*, No. 19-cr-00366 (E.D.N.Y. Aug. 14, 2019), ECF 1.

fiscal-general-mexico.[2]  That same month, the FGR opened its own investigation into Cienfuegos. *Id.*  The DOJ dismissed the charges against Cienfuegos "so that Mexico could proceed first with investigating and potentially prosecut[e him] under Mexican law."  *Id.*[3] A true and correct copy of the joint DOJ-FGR press release is attached as Exhibit A.

22. To assist the Mexican investigation, the DOJ provided evidence regarding Cienfuegos to Mexican authorities in accordance with a bilateral treaty.  *Id.*

23. Both the DOJ and the FGR acknowledged that this exchange of evidence occurred in a November 2020 joint statement, saying, "At the request of the Fiscalía General de la República, the U.S. Department of Justice, under the Treaty that governs the sharing of evidence, has provided Mexico evidence in this case and commits to continued cooperation, within that framework, to support the investigation by Mexican authorities."  *Id.*

24. The legal instrument used to share evidence between the U.S. and Mexico is a bilateral treaty called the Mutual Legal Assistance Cooperation Treaty with Mexico, U.S.-Mex., Dec. 9, 1987, S. Treaty Doc. No. 100-13, 1987 WL 890783 at *4 ("U.S.-Mexico MLAT").

25. The FGR chose not to charge Cienfuegos, claiming that the U.S. collected insufficient evidence and ultimately closed their investigation.  FGR, *FGR determina no ejercicio de la acción penal en favor del General Cienfuegos*, Jan. 14, 2021, https://www.gob.mx/fgr/prensa/comunicado-fgr-013-21-fgr-informa.

**Mexico's Disclosure of Evidence Shared Under U.S.-Mexico MLAT**

26. On January 15, 2021, at the instruction of Mexican President Andrés Manuel López Obrador, the Mexican foreign ministry published online 751-pages of the documents the DOJ shared with Mexican authorities under the U.S.-Mexico MLAT.  Secretaría de Relaciones Exteriores ("SRE"), *Información sobre el caso del general retirado Salvador Cienfuegos Zepeda*, Jan. 15, 2021, https://www.gob.mx/sre/prensa/informacion-sobre-el-caso-del-general-retirado-salvador-

---

[2] *See also* FGR, *Declaración Conjunta Del Fiscal General De La República De México, Alejandro Gertz Manero y Del Fiscal General De Los Estados Unidos, William P. Barr*, Nov. 17, 2020, https://www.gob.mx/fgr/prensa/comunicado-fgr-373-20-fgr-informa.
[3] *See also* Motion to Dismiss at 2, *United States. v. Cienfuegos Zepeda*, No. 19-cr-00366 (E.D.N.Y. Nov. 16, 2020), ECF 20.

cienfuegos-zepeda.[4]  A true and correct copy of the relevant page on the SRE website is attached as Exhibit B.  True and correct copies of the documents published online by the Mexican government are attached as Exhibit C.

27. The Mexican government also released a second "massive cache" of documents online related to Cienfuegos.  Mark Hosenball & Anthony Esposito, *U.S. 'deeply disappointed' Mexico closed probe of ex-defense minister*, Reuters (Jan. 16, 2021), https://www.reuters.com/world/americas/us-deeply- disappointed-mexico-closed-probe-ex-defense-minister-2021-01-16.[5]  A true and correct copy of this news article is attached as Exhibit D.

28. The more than a thousand pages of published documents contained many detailed records of evidence shared under the MLAT.  For instance, the records included an October 2020 letter from the DOJ to the Mexican government detailing how the DEA obtained text messages and other evidence regarding Cienfuegos via federal wiretaps.  Ex. C at 1-6.  The documents published online by FGR included screenshots of the intercepted text messages themselves.  *See, e.g.*, *id.* at 7-9.  The DOJ letter also included other specific evidence obtained under the wiretaps, which it claimed "revealed Cienfuegos-Zepeda's role in restricting Mexican military operations in Nayarit to protect [a drug trafficking organization] from possible intervention."  *Id.* at 2.  The DOJ letter asserted, "[t]he evidence [shows] that [Cienfuegos] received bribes from the [drug trafficking organization] in exchange for providing protection, safe passage of narcotics and weapons into Mexico City, and information about military and law enforcement operations in Mexico."  *Id.*

29. After publication, the DOJ confirmed the authenticity of the evidence and the truth and accuracy of the material shared with the Mexican government under the MLAT.  For example, in one statement to the press, a DOJ spokesperson said, "A U.S. federal grand jury analyzed that material and other evidence and concluded that criminal charges against Cienfuegos were supported by the evidence."  Kate Linthicum, *U.S. rebukes Mexico for releasing evidence in drug case against former defense minister*, L.A. Times (Jan. 16, 2021), https://www.latimes.com/world-

---

[4] *See also* Secretaría de Relaciones Exteriores (@SRE_mx), Jan. 15, 2021, https://twitter.com/SRE_mx/status/1350193824535109632.

[5] *See also* FGR, *Expediente del Caso Salvador C*, Jan. 15, 2021, https://www.gob.mx/fgr/documentos/investigacion-cienfuegos.

nation/story/2021-01-16/u-s-rebukes-mexico-evidence-drug-case-former-defense-minister. A true and correct copy of this news article is attached as Exhibit E. In another statement, the DOJ said, "Those materials also show that the information relied upon to charge General Cienfuegos was lawfully gathered in the United States, pursuant to a proper U.S. court order, and in full respect of Mexico's sovereignty." Mark Hosenball & Anthony Esposito, *supra* paragraph 27.

30.  The DOJ confirmed in a public statement that Mexico's publication of this evidence violated the MLAT. *See* Christopher Sherman, *Mexico's president continues to blast US investigation*, Associated Press (Jan. 18, 2021), https://apnews.com/article/latin-america-mexico-7b6d9f8899c54b5e1f62f33da5beccc3 ("Publicizing such information violates the Treaty on Mutual Legal Assistance between Mexico and the United States[.]"). A true and correct copy of this news article is attached as Exhibit F. Mexican President López Obrador responded with his own public statements critiquing the DOJ. *Id.*

## PROCEDURAL BACKGROUND

### DOJ Criminal Division Request

31.  On August 7, 2021, Plaintiffs submitted a FOIA request to the DOJ Criminal Division ("DOJ-CRM") seeking disclosure of records related to the Mexican government's request for legal assistance regarding the U.S. criminal investigation against Cienfuegos (the "DOJ-CRM Request"). A true and correct copy of the DOJ-CRM Request is attached as Exhibit G.

32.  More specifically, Plaintiffs requested:

[A]ll records related in whole or in part to a request for assistance from the Mexican government – whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication – regarding the criminal case United States of America v. Salvador Cienfuegos Zepeda (CR 19-366). . . . Responsive records should include bilateral communications between the Mexican and United States governments as well as any US inter-agency communications following Mexico's request for assistance. The types of documents requested include, but are not limited to, emails, letters, diplomatic exchanges, memoranda, telephone transcripts, meeting minutes, talking points, reports, legal records, and intelligence information.

Ex. G.

33.  The DOJ-CRM Request requested records during a discrete time period of September

1, 2020, to December 31, 2020, and it indicated that "copies of press and media reports as well as all press statements and press releases" should be omitted from search and review. *Id.* at 2.

34.     On September 21, 2021, the DOJ-CRM denied Plaintiffs' request (the "DOJ-CRM Denial"). A true and correct copy of the DOJ-CRM Denial is attached as Exhibit H. DOJ-CRM claimed it had no obligation to conduct a search for potentially responsive records because the records would be categorically exempt, citing 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)"), 5 U.S.C. § 552(b)(3) ("Exemption 3"), and the U.S.-Mexico MLAT. Ex. H.

35.     On November 2, 2021, Plaintiffs sent an administrative appeal letter to the U.S. Justice Department, Office of Information Policy ("DOJ-OIP") via certified mail regarding the DOJ-CRM Denial as well as another FOIA request discussed below (the Combined Appeal for the DOJ-CRM Request and DEA Request, hereinafter "Combined DOJ Appeal"). A true and correct copy of the Combined Appeal is attached as Exhibit I. A true and correct copy of the receipt containing a certified mail tracking number for the Combined DOJ Appeal is attached as Exhibit J.

36.     In the Combined DOJ Appeal, Plaintiffs argued that DOJ-CRM's denial was inappropriate for six distinct reasons. Ex. I. First, Plaintiffs explained that DOJ-CRM could not categorically refuse to conduct *any* search. *Id.* Second, Plaintiffs argued that since the U.S. government officially acknowledged the evidence it shared with Mexico, it could not categorically withhold records regarding Mexico's request for assistance under the U.S.-Mexico MLAT. *Id.* Third, Plaintiffs argued that DOJ-CRM had not adequately demonstrated that the requested documents fell within the scope of Exemption 7 since many of the documents were compiled after the U.S. dismissed its charges against Cienfuegos. *Id.* Fourth, Plaintiffs argued that DOJ-CRM could not withhold the records under Exemption 7(C) because Cienfuegos had no cognizable privacy interest and the public interest in the records far outweighed any *de minimis* privacy interest he retained. *Id.* Fifth, Plaintiffs argued that the DOJ-CRM could not withhold the records under Exemption 3 and the U.S.-Mexico MLAT because the confidentiality provisions of the MLAT were no longer satisfied due to actions by both countries. Finally, Plaintiffs argued that DOJ-CRM had not satisfied the foreseeable harm standard. *Id.*

37.     DOJ-OIP received the Combined DOJ Appeal on November 9, 2021, according to a

confirmation receipt that was signed and mailed back to Plaintiffs. This signed confirmation receipt has a tracking number matching Exhibit J. A true and correct copy of this signed confirmation receipt is attached as Exhibit K.

38. On November 22, 2021, DOJ-OIP sent Plaintiffs an email acknowledging the portion of the Combined DOJ Appeal pertaining to the DOJ-CRM Denial and assigning tracking number A-2022-00333 to this portion of the Combined DOJ Appeal. Attached to this email was a letter indicating DOJ-OIP received this portion of the Combined DOJ Appeal on November 12, 2021. A true and correct copy of DOJ-OIP's email and attached acknowledgment letter is attached as Exhibit L.

39. To date, Plaintiffs have not received a final determination from DOJ-OIP as to the Combined DOJ Appeal. DOJ has thus failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), which requires that an agency make appeal determinations within 20 business days of receipt.

40. Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

**Drug Enforcement Administration Request**

41. On August 7, 2021, Plaintiffs submitted a FOIA request to the DEA seeking disclosure of records related to the Mexican government's request for legal assistance regarding the U.S. criminal investigation against Cienfuegos (the "DEA Request"). A true and correct copy of the DEA Request is attached as Exhibit M. Plaintiffs requested:

> [A]ll records related in whole or in part to a request for assistance from the Mexican government – whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication – regarding the criminal case United States of America v. Salvador Cienfuegos Zepeda (CR 19-366). . . . Responsive records should include bilateral communications between the Mexican and United States governments as well as any US inter-agency communications following Mexico's request for assistance. The types of documents requested include, but are not limited to, emails, letters, diplomatic exchanges, memoranda, telephone transcripts, meeting minutes, talking points, reports, legal records, and intelligence information.

Ex. M.

42. The DEA Request provided a discrete time period of September 1, 2020, to December 31, 2020, and it indicated that "copies of press and media reports as well as all press statements and

press releases" should be omitted from search and review. *Id.* at 2.

43. On August 9, 2021, the DEA sent an email acknowledging receipt of the DEA Request and assigning it tracking number 21-00596-F. A true and correct copy of the DEA's email is attached as Exhibit N.

44. On October 22, 2021, the DEA denied Plaintiffs' request (the "DEA Denial"). A true and correct copy of the DEA Denial is attached as Exhibit O. Like DOJ-CRM, the DEA claimed it had no obligation to conduct a search for potentially responsive records because the records would be categorically exempt, citing Exemption 7(C), Exemption 3, and the U.S.-Mexico MLAT. Ex. O.

45. On November 2, 2021, Plaintiffs sent an administrative appeal letter to DOJ-OIP via certified mail regarding the DEA Denial via the Combined DOJ Appeal. *See supra* paragraphs 35-36; Exs. I, J. Since the DEA denied the DEA Request on identical grounds as DOJ-CRM denied the DOJ-CRM Request, Plaintiffs made the identical six arguments regarding the DEA Denial as those pertaining to the DOJ-CRM Denial (discussed above in paragraph 36). *Id.* DOJ-OIP received the Combined DOJ Appeal on November 9, 2021, according to the signed confirmation receipt mailed back to Plaintiffs. *See supra* paragraph 37; Ex. K.

46. On November 22, 2021, DOJ-OIP sent Plaintiffs an email acknowledging the portion of the Combined DOJ Appeal pertaining to the DEA Denial and assigning tracking number A-2022-00334 to this portion of the Combined DOJ Appeal. Attached to this email was a letter indicating DOJ-OIP received this portion of the Combined DOJ Appeal on November 12, 2021. A true and correct copy of DOJ-OIP's email and attached acknowledgment letter is attached as Exhibit P.

47. To date, Plaintiffs have not received a final determination from DOJ-OIP as to the Combined DOJ Appeal. DOJ has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), which requires that an agency make appeal determinations within 20 business days of receipt.

48. Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

**Executive Office of U.S. Attorneys Request**

49. On August 7, 2021, Plaintiffs submitted a FOIA request to the EOUSA seeking disclosure of records related to the Mexican government's request for legal assistance regarding the

U.S. criminal investigation against Cienfuegos (the "EOUSA Request"). A true and correct copy of the EOUSA Request is attached as Exhibit Q. Plaintiffs requested:

> [A]ll records of the U.S. Attorney's Office for the Eastern District of New York (E.D.N.Y.) related in whole or in part to a request for assistance from the Mexican government – whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication – regarding the criminal case United States of America v. Salvador Cienfuegos Zepeda (CR 19-366). . . . Responsive records should include bilateral communications between the Mexican and United States governments as well as any US inter-agency communications following Mexico's request for assistance. The types of documents requested include, but are not limited to, emails, letters, diplomatic exchanges, memoranda, telephone transcripts, meeting minutes, talking points, reports, legal records, and intelligence information.

Ex. Q.

50. The EOUSA Request provided a discrete time period of September 1, 2020, to December 31, 2020, and it indicated that "copies of press and media reports as well as all press statements and press releases" should be omitted from search and review. *Id.* at 2.

51. On August 18, 2021, the EOUSA sent a letter acknowledging receipt of the EOUSA Request and assigning it tracking number EOUSA-2021-002971. A true and correct copy of this letter is attached as Exhibit R. In the letter, EOUSA indicated locating the requested records would "require a search in one or more field offices and potentially involves voluminous records and/or requires consultation with another agency/component with a substantial interest in the subject-matter and therefore falls within 'unusual circumstances,'" citing 5 U.S.C.S § 552(a)(6)(B)(i)-(iii). Ex. R.

52. On September 28, 2021, the EOUSA sent an email to Plaintiffs with an attached letter regarding the EOUSA Request. A true and correct copy of this email and attached letter is attached as Exhibit S. The email indicated the attached letter was a "final response" to the EOUSA Request. Ex. S. The letter indicated that records were being withheld under FOIA Exemption 7(A), but it did not indicate the scope of records that were being withheld. *Id.* Rather, the letter indicated as follows:

> Enclosed please find:
>     0 page(s) are being released in full (RIF);
>     0 page(s) are being released in part (RIP);
>     0 page(s) are withheld in full (WIF).

*Id.*

53. Defendant EOUSA has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(B)(i)-(iii), which requires that an agency make determinations with respect to a FOIA request within 30 business days of receipt.

54. Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

## Department of State Request

55. On August 7, 2021, Plaintiffs submitted a FOIA request to the DOS seeking disclosure of records related to the Mexican government's request for legal assistance regarding the U.S. criminal investigation against Cienfuegos (the "DOS Request"). A true and correct copy of the DOS Request is attached as Exhibit T. Plaintiffs requested:

> [A]ll records related in whole or in part to a request for assistance from the Mexican government – whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication – regarding the criminal case United States of America v. Salvador Cienfuegos Zepeda (CR 19-366). . . . Responsive records should include bilateral communications between the Mexican and United States governments as well as any US inter-agency communications following Mexico's request for assistance. The types of documents requested include, but are not limited to, emails, letters, diplomatic exchanges, memoranda, telephone transcripts, meeting minutes, talking points, reports, legal records, and intelligence information.

Ex. T.

56. On August 17, 2021, DOS sent an email acknowledging receipt of the DOS Request and assigning it tracking number F-2021-09073. A true and correct copy of this email is attached as Exhibit U. In the email, DOS indicated it would "not be able to respond within the 20 days provided by the [FOIA] statute due to 'unusual circumstances,'" citing 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Ex. U. DOS indicated "the unusual circumstances include the need to search for and collect requested records from other Department offices or Foreign Service posts." *Id.*

57. To date, the DOS has not provided a final determination regarding the DOS Request.

58. Defendant DOS has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(B)(i)-(iii), which requires that an agency make determinations with respect to a request within 30 business days.

59. Having exhausted all administrative remedies, Plaintiffs now seek injunctive relief.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

60. Plaintiffs repeat and reallege paragraphs 1-59.

61. All Defendants are subject to FOIA and must therefore release in response to a FOIA request any disclosable records in their possession and provide a lawful reason for withholding any materials as to which they claim an exemption.

62. DOJ-OIP has failed to issue final determinations as to Plaintiffs' appeals regarding the DOJ-CRM Request and the DEA Request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA with respect to the DOJ-CRM Request and the DEA Request.

63. DOJ-EOUSA has failed to issue a final determination as to the EOUSA Request within the 30 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(B)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

64. DOS has failed to issue a final determination as to the DOS Request within the 30 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(B)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

65. Plaintiffs are entitled to declaratory and injunctive relief compelling the expedited release and disclosure of the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Declare that Defendant DOJ violated FOIA by failing to provide requested records in response to Plaintiffs' DOJ-CRM and DEA requests and failing to notify Plaintiffs of a final determination as to the combined appeal letter within the statutory time limit;

2. Declare that Defendant DOJ violated FOIA by failing to provide requested records in response to Plaintiffs' EOUSA request and failing to notify Plaintiffs of a final determination as to the request within the statutory time limit;

3. Declare that Defendant DOS violated FOIA by failing to provide requested records

in response to Plaintiffs' request and failing to notify Plaintiffs of a final determination as to the request within the statutory time limit;

4. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

5. Order all Defendants to expeditiously provide the requested documents to Plaintiffs within 20 business days of the Court's order;

6. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

7. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

DATED: February 18, 2022

Respectfully submitted,

By: s/ *D. Victoria Baranetsky*
D. Victoria Baranetsky (SBN 311892)
Shawn Musgrave (SBN 341359)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Email: vbaranetsky@revealnews.org
Attorneys for Plaintiffs