1   STEPHANIE M. HINDS (CABN 154284)
    United States Attorney
2
    MICHELLE LO (NYRN 4325163)
3   Chief, Civil Division

4   DOUGLAS JOHNS (CABN 314798)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6961
7       FAX: (415) 436-6748
        Douglas.Johns@usdoj.gov
8
    Attorneys for Defendants
9   UNITED STATES DEPARTMENT OF
    JUSTICE AND UNITED STATES
10  DEPARTMENT OF STATE

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15  THE CENTER FOR INVESTIGATIVE          )   No. 21-cv-09613-SK
    REPORTING and ANAYANSI DIAZ-          )
16  CORTES,                               )   **UNITED STATES DEPARTMENT OF**
                                          )   **JUSTICE'S MOTION TO DISMISS FIRST**
17          Plaintiffs,                    )   **AMENDED COMPLAINT FOR INJUNCTIVE**
                                          )   **RELIEF**
18      v.                                )
                                          )
19  U.S. DEPARTMENT OF JUSTICE and U.S.   )   Date:        May 16, 2022
    DEPARTMENT OF STATE                   )   Time:        9:30 a.m.
20                                        )   Courtroom:   Courtroom C – Fifteenth Floor
            Defendants.                    )
21                                        )
                                          )   Honorable Sallie Kim
22  _____)   United States Magistrate Judge

23

24

25

26

27

28

UNITED STATES DEPARTMENT OF JUSTICE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF; NO. 21-CV-09613-SK
                                        1

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 16, 2022, at 9:30 a.m., or as soon thereafter as the matter may be heard by the Honorable Sallie Kim, in Courtroom C of the Phillip Burton Federal Building and United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant United States Department of Justice ("DOJ") will move for an order dismissing Plaintiffs the Center for Investigative Reporting and Ms. Anayansi Diaz-Cortez's (collectively, "Plaintiffs") First Amended Complaint for Injunctive Relief ("FAC") on behalf of the Executive Office for United States Attorneys ("EOUSA"). DOJ moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim as to the Freedom of Information Act ("FOIA") request submitted to its component, EOUSA. DOJ's Motion to Dismiss is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, and all the matters of record filed with the Court.

## STATEMENT OF RELIEF

DOJ moves for an order on behalf of EOUSA dismissing with prejudice Plaintiffs' FAC as to the FOIA request submitted to EOUSA.

## ISSUES TO BE DECIDED

1.      Whether Plaintiffs' only cause of action for a violation of FOIA should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim as to EOUSA.

2.      Whether Plaintiffs failed to exhaust their administrative remedies as to EOUSA before filing their FAC against it.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs brought this lawsuit against DOJ, among others, under FOIA. Plaintiffs submitted a FOIA request to DOJ's components pertaining to requests for assistance from Mexico regarding a criminal case. EOUSA was one of those components.

UNITED STATES DEPARTMENT OF JUSTICE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

2

In late September 2021, EOUSA sent Plaintiffs its final determination about their FOIA request. Plaintiffs do not allege that they ever appealed EOUSA's final determination about their FOIA request. Instead, Plaintiffs filed this lawsuit against EOUSA.

Plaintiffs must exhaust their administrative remedies as to EOUSA before filing a lawsuit against it. That is undisputed. However, Plaintiffs do not allege that they ever appealed EOUSA's final determination of their FOIA request. This Court should dismiss Plaintiffs' lawsuit with prejudice as to EOUSA for failing to exhaust their administrative remedies as to EOUSA.

## II.     FACTUAL BACKGROUND[1]

Plaintiffs' lawsuit arises out of multiple FOIA requests that they submitted to DOJ's separate components[2] and Defendant United States Department of State.

### A.     Plaintiffs' FOIA Request to EOUSA

On August 7, 2021, Plaintiffs submitted a FOIA request to EOUSA seeking records related to Mexico's alleged request for assistance for information about a criminal case. Pls.' First Am. Compl. for Injunctive Relief, ¶ 49, Feb. 18, 2022, ECF No. 15. That criminal case pertains to Mexico's former official, Salvador Cienfuegos Zepeda. *Id.* at ¶¶ 2, 49.

Around two weeks later, on August 18, 2021, EOUSA acknowledged Plaintiffs' FOIA request. *Id.* at ¶ 51. EOUSA told Plaintiffs that locating any responsive records would require a search in multiple offices and a consultation with other agencies. *See id.* EOUSA told Plaintiffs that the search involved "unusual circumstances." *See id.*

### B.     EOUSA's Final Determination, and Plaintiffs' Failure to Appeal

On September 28, 2021, EOUSA responded to Plaintiffs' FOIA request with its final determination. *Id.* at ¶ 52. Plaintiffs do not dispute that they received EOUSA's final determination about their FOIA request. *Id.* at ¶ 52, Ex. S, p. 1.

---

[1] Solely for purposes of this Motion to Dismiss, DOJ accepts as true the allegations in the FAC cited herein. DOJ does not concede the veracity of Plaintiffs' claims.

[2] In addition to EOUSA, Plaintiffs submitted FOIA requests to DOJ's Criminal Division and the Drug Enforcement Administration. *See* FAC, ¶ 1.

UNITED STATES DEPARTMENT OF JUSTICE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

3

1    EOUSA's final determination specifically states that it processed Plaintiffs' FOIA request. *Id.* at

2    ¶ 52, Ex. S, p. 2. EOUSA invoked Exemption 7(A)[3] under FOIA. *See id.* EOUSA provided Plaintiffs

3    with an explanation of Exemption 7(A) with their final determination. *See Id.* at ¶ 52, Ex. S, p. 4.

4    EOUSA told Plaintiffs that it would not produce any records in response to their FOIA request

5    under Exemption 7(A). *Id.* at ¶ 52, Ex. S, p. 2. EOUSA did not identify the specific number of

6    potentially responsive records in its final determination. *See id.*

7    EOUSA's final determination specifically states that it is "**final action**" on Plaintiffs' FOIA

8    request. *Id.* at ¶ 52, Ex. S, p. 3. EOUSA's final determination advises Plaintiffs of their right to appeal

9    that determination within 90 days. *See id.*

10   EOUSA sent Plaintiffs its contact information, so they could seek additional or clarifying

11   information about its final determination. *See id.* Plaintiffs do not allege that they contacted EOUSA to

12   seek any additional or clarifying information about its final determination.

13   Plaintiffs do not allege that they appealed EOUSA's final determination. *Id.* at ¶ 53. Plaintiffs

14   allege that EOUSA failed to make a final determination about their FOIA request. *See id.* ¶¶ 53, 63.

15   Plaintiffs also allege that they exhausted their administrative remedies. *Id.* at ¶ 54.

16   **III.    PROCEDURAL POSTURE**

17   On December 13, 2021, Plaintiffs filed this lawsuit under FOIA against two defendants, DOJ and

18   the Department of State. *See* Pls.' Compl. for Injunctive Relief, p. 1 – 2, Dec. 13, 2021, ECF No. 1. In

19   February 2022, Plaintiffs filed the operative FAC. *See* FAC, p. 1 – 2, Feb. 18, 2022, ECF No. 15.

20   In their FAC, Plaintiffs allege a single cause of action against DOJ, among others, for violating

21   FOIA. *See id.* at ¶¶ 60 – 65. Plaintiffs seek a declaration that DOJ, among others, violated FOIA. *See id.*

22   at p. 13. Plaintiffs also seek an order compelling DOJ, among others, to produce the records requested

23   by them. *See id.* Plaintiffs seek their costs and attorney's fees. *See id.*

24   DOJ brings this Motion to Dismiss on behalf of EOUSA. DOJ is not moving on behalf of any

25   other of its components.

26

27   _____
     [3] In general, Exemption 7(A) allows an agency to withhold records under FOIA compiled for law
28   enforcement purposes if the production of those records could reasonably be expected to interfere with
     law enforcement proceedings. *See* 5 U.S.C. § 552(b)(7(A).

UNITED STATES DEPARTMENT OF JUSTICE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

1    **IV.    LEGAL STANDARD**

2    Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a

3    claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A complaint survives a Rule

4    12(b)(6) motion if it alleges enough facts to state a claim for relief that is plausible on its face. *Bell Atl.*

5    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To evaluate a motion to dismiss, the Court must assume

6    that the plaintiffs' allegations are true and must draw all reasonable inferences in their favor. *See Brown*

7    *v. U.S. Customs & Border Protection*, 132 F. Supp. 3d 1170, 1171 (N.D. Cal. 2015). "But the Court

8    need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

9    unreasonable inferences." *Id.* (internal quotations omitted).

10    When ruling on a motion to dismiss, a court may consider certain materials such as documents

11    attached to the complaint, documents incorporated by reference into the complaint, or other matters of

12    judicial notice. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Lee v. City of L.A.*, 250

13    F.3d 668, 688 (9th Cir. 2001) (same). Under the incorporation by reference doctrine, the court treats

14    certain documents as though they are part of the complaint itself. *See Khoja v. Orexigen Therapeutics,*

15    *Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). That may include a document that forms the basis of the

16    plaintiffs' claims. *See id.*

17    Exhaustion under FOIA is a prudential consideration rather than a jurisdictional prerequisite. *See*

18    *Yagman v. Pompeo*, 868 F.3d 1075, 1083 (9th Cir. 2017). Issues arising under FOIA's exhaustion

19    requirement are properly analyzed under Rule 12(b)(6). *See id.*

20    This Court can analyze DOJ's Motion to Dismiss on behalf of EOUSA under Rule 12(b)(6). And

21    it can consider EOUSA's final determination when ruling on that motion. Plaintiffs attached EOUSA's

22    final determination to their FAC as Exhibit S.

23

24

25

26

27

28

## V.     ARGUMENT

### A.     Plaintiffs did not exhaust their administrative remedies as to EOUSA before filing a lawsuit against it.

FOIA requires federal agencies to disclose information to the public upon request. *See* 5 U.S.C. § 552 (a)(3)(A); *see also Aguirre v. U.S. Nuclear Regulatory Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021). When an agency receives such a request, it has twenty days to decide whether to comply and inform the requester of its decision. *See* 5 U.S.C. § 552 (a)(6)(A). In "unusual circumstances," the agency has more than twenty days to decide whether to comply with the request at issue. *See* 5 U.S.C. § 552 (a)(6)(B)(i).

An agency must provide a "determination" with respect to a FOIA request. *See Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F.Supp.3d 1074, 1089 (N.D. Cal. 2015). At minimum, the agency must inform the requester what documents it will produce and the exemptions it will claim in withholding documents. *See id.*

"A requester dissatisfied with an agency's response can challenge it in court but must first exhaust available administrative remedies, including an appeal within the agency." *See Aguirre v. U.S. Nuclear Regulatory Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021). That serves to protect administrative agency authority and promote judicial efficiency. *See id.* It also allows agencies to correct their mistakes and creates a useful record should judicial review become necessary. *See id.* "[A] requester must exhaust his administrative remedies under FOIA so long as an agency properly responds before suit is filed." *Id.* at 726.

Here, Plaintiffs fail to allege that they exhausted their administrative remedies as to EOUSA before filing a lawsuit against it. Plaintiffs were required to exhaust their administrative remedies as to EOUSA.

On August 7, 2021, Plaintiffs submitted their FOIA request to EOUSA. *See* FAC, ¶ 49. Around two weeks later, EOUSA timely acknowledged Plaintiffs' FOIA request. *Id.* at ¶ 51. EOUSA told Plaintiffs that it would not respond to their request within twenty days because of "unusual circumstances." *See id.* Plaintiffs do not challenge EOUSA's acknowledgement of their FOIA request.

UNITED STATES DEPARTMENT OF JUSTICE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

6

Then, on September 29, 2021, EOUSA sent Plaintiffs its final determination about their FOIA request in a letter by email. *See id.* ¶ 52, Ex. S, p. 3. Plaintiffs' own FAC confirms that EOUSA sent them its final determination. *See id.* ¶ 52. EOUSA's cover email with the attached final determination explicitly states: "**Please find attached EOUSA's final response**." *See id.* ¶ 52, Ex. S, p. 1.

EOUSA's final determination specifically states that it is "**the final action**" on Plaintiffs' FOIA request. *See id.* ¶ 52, Ex. S, p. 3. EOUSA advised Plaintiffs of their right to appeal if they were dissatisfied with its final determination. *See id.*

EOUSA's final determination states that it will not produce any documents to Plaintiffs under Exemption 7(A). *See id.* ¶ 52, Ex. S, p. 2. EOUSA lists Exemption 7(A) at the end of the first page of its final determination. *See id.* EOUSA provided Plaintiffs attached an explanation of Exemption 7(A) to its final determination. *See id.* ¶ 52, Ex. S, p. 4.

EOUSA provided a proper final determination to Plaintiffs about their FOIA request. EOUSA informed Plaintiffs of the number of documents that it will produce (i.e., none), and the exemption that it claimed in withholding documents (i.e., Exemption 7(A)). EOUSA notified Plaintiffs of their right to appeal its final determination.

Plaintiffs were required to appeal EOUSA's final determination before filing a lawsuit against it. *See Aguirr*e, 11 F.4th at 725. But in their FAC, Plaintiffs do not allege that they ever appealed EOUSA's final determination. Rather, Plaintiffs simply conclude that they exhausted their administrative remedies.

For that reason, Plaintiffs failed to properly allege that they have exhausted their administrative remedies as to EOUSA. This Court should dismiss Plaintiffs' FAC as to EOUSA.

> **B.    EOUSA provided Plaintiffs with its final determination, and EOUSA is not required to state the specific number of records being withheld.**

In their FAC, Plaintiffs challenge EOUSA's final determination on two grounds. Both are without merit. First, Plaintiffs allege that EOUSA's final determination does not identify the scope of the records being withheld. *See id.* ¶ 52.

UNITED STATES DEPARTMENT OF JUSTICE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

7

FOIA's plain text does not require an agency to state the number of records that it is withholding. *See* 5 U.S.C. § 552 (a)(6)(A)(i)(I). Rather, FOIA requires the agency to notify the requester of its "determination and the reasons therefor." *See id.* In the case of a determination adverse to the requester, the agency must tell the requester "the right of such person to appeal to the head of the agency . . . that is not less than 90 days after the date of the adverse determination." *See* 5 U.S.C. § 552 (a)(6)(A)(i)(III)(aa).

EOUSA anticipates that Plaintiffs will rely on *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013) ("*CREW*") in their opposition. *CREW* does not support Plaintiffs' position.

At issue in *CREW* was when a FOIA requester must exhaust administrative appeal remedies before suing in federal district court to challenge an agency's failure to produce requested documents. *Id.* at 277. *CREW* involved a FOIA request from a nonprofit organization to the Federal Election Commission ("FEC") for records. *Id.* at 183. In the weeks after submitting the FOIA request, the organization and the FEC conferred to refine and narrow the scope of that request. *See id.* But after two months, the FEC had not (a) produced any records; or (b) identify what exemptions it would claim in withholding records. *See id.* The organization filed a lawsuit against the FEC in district court. *See id.*

After the organization filed a lawsuit, the FEC produced records to it on three separate dates. *See id.* Eventually, and in its final production of records, the FEC told the organization that it withheld and redacted some records under specific FOIA exemptions. *See id.*

In *CREW*, the court concluded that an agency must indicate the scope of the documents it will produce and the exemptions it will claim." *See id.* at 182. The court explained that an "agency simply needs to express a future intention to produce non-exempt documents and claim exemptions." *Id.* at 185. In other words, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemption." *See id.*

Plaintiffs suggest that *CREW* stands for the proposition that an agency must identify each potentially responsive document in its final determination about the FOIA request at issue. It does not.

UNITED STATES DEPARTMENT OF JUSTICE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

1    *"CREW* held that when an agency fails to respond to a FOIA request within the statutory

2    timeline, it cannot invoke an administrative exhaustion argument to keep cases out of court." *See Brown*

3    *v. U.S. Customs & Border Protection*, 132 F.Supp.3d 1170, 1173 (N.D. Cal. 2015). That was the "sole

4    question" presented in *CREW. See id.* Plaintiffs' interpretation of *CREW* serves to justify their failure to

5    appeal, or allege that they appealed, not on what the court in *CREW* actually held.

6    Notwithstanding, EOUSA's final determination complied with the framework outlined in *CREW.*

7    EOUSA told Plaintiffs that it would not produce any records under Exemption 7(A). *See id.* ¶ 52, Ex. S,

8    p. 2. In other words, EOUSA told Plaintiffs that it would not be withholding any records because it was

9    relying on that exemption in not producing any records. EOUSA advised Plaintiffs of their right to

10   appeal its final determination. Plaintiffs do not allege that they appealed EOUSA's final determination.

11   Second, Plaintiffs allege generally that EOUSA failed to comply with FOIA because it did not

12   make a determination to a "FOIA request within 30 business days of receipt." *See* FAC, ¶ 52. Plaintiffs'

13   FAC confirms that it received EOUSA's acknowledgement of their FOIA request by August 18, 2021.

14   *See* FAC, ¶ 51. Plaintiffs' FAC further confirms that EOUSA told them about the "unusual

15   circumstances" to extend its time to respond beyond twenty days. *See id.* On September 28, 2021,

16   Plaintiffs received EOUSA's final determination, which they even recognize in their FAC is EOUSA's

17   "**final response**." *See id.*

18   More importantly, Plaintiffs received EOUSA's final determination over two months before

19   filing a lawsuit against it. *See id.* ¶ 52, Ex. S, p. 1. Recently, the Ninth Circuit Court of Appeals held that

20   "a requester must exhaust his administrative remedies under FOIA so long as an agency properly

21   responds before suit is filed." *See Aguirre v. U.S. Nuclear Regulatory Comm'n*, 11 F.4th 719, 725 (9th

22   Cir. 2021). Plaintiffs' FAC confirms that they received EOUSA's final determination before they filed a

23   lawsuit against it, and before any alleged appeal occurred.

24   EOUSA complied with FOIA and provided Plaintiffs with its final determination. Plaintiffs were

25   required to appeal that final determination and allege that they filed an appeal in their FAC. Yet,

26   Plaintiffs do not allege that they appealed EOUSA's final determination in their FAC. Plaintiffs fail to

27   allege that they exhausted their administrative remedies as to EOUSA before filing a lawsuit against it.

28

1   **VI.    CONCLUSION**

2       For the foregoing reasons, this Court should grant DOJ's Motion to Dismiss with prejudice as to

3   EOUSA and dismiss Plaintiffs' FAC as to it.

4                                                   Respectfully submitted,

5                                                   STEPHANIE HINDS
                                                    United States Attorney
6

7   DATED: March 4, 2022                            */s/ Douglas Johns*
                                                    DOUGLAS JOHNS
8                                                   Assistant United States Attorney
                                                    Attorneys for Defendants
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28