D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Shawn Musgrave (SBN 341359)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
smusgrave@revealnews.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and ANAYANSI DIAZ-CORTES, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE and U.S. DEPARTMENT OF STATE, <br><br> Defendants. | Case No. 3:21-cv-09613-SK <br><br> **JOINT CASE MANAGEMENT STATEMENT; STIPULATED REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; STIPULATED REQUEST TO CONTINUE TIME TO ANSWER; [PROPOSED] ORDER** |

Plaintiffs The Center for Investigative Reporting ("CIR") and Anayansi Diaz-Cortes (collectively, "Plaintiffs") and Defendants United States Department of Justice and United States Department of State ("Defendants") submit this Joint Case Management Statement pursuant to the Court's Order (Dkt. 5), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California.

### 1. Jurisdiction and Service

There are no issues concerning personal jurisdiction, venue, or service. Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Defendants have been served.

### 2. Facts

This case arises out of FOIA requests Plaintiffs submitted to the U.S. Department of Justice, Criminal Division (hereinafter "DOJ-CRM"), the U.S. Department of Justice, Executive Office of United States Attorneys (hereinafter "EOUSA"), the U.S. Drug Enforcement Administration (hereinafter "DEA") (collectively all three agencies will be referred to as "DOJ"), and the U.S. Department of State (hereinafter "DOS"). *See* Dkt. No. 1. Following meet and confer discussions in February 2022, Plaintiffs filed a First Amended Complaint on February 18, 2022. *See* Dkt. No. 15.

After Plaintiffs filed their FAC, EOUSA moved to dismiss their FAC on the grounds that Plaintiffs failed to exhaust their administrative remedies as to it. *See* Dkt. No. 18. EOUSA noticed its Motion to Dismiss May 16, 2022 at 9:30 a.m. based on the availability of counsel. *Id.*

Because EOUSA is a component within Defendant United States Department of Justice, the parties agreed that it will not respond to Plaintiffs' FAC until fourteen days after the Court issues an order on EOUSA's Motion to Dismiss, or based on the Federal Rules of Civil Procedure if Plaintiffs file an amended complaint. Defendant United States Department of State will respond to the FAC by March 11, 2022.

### 3. Legal Issues

The parties have been conferring in good faith to resolve Plaintiffs' claims. If necessary, however, they may ask the Court to resolve whether Defendants properly asserted legal exemptions with respect to certain documents that may be withheld from production in whole or in part.

### 4. Motions

Defendant DOJ filed a motion to dismiss on March 4, 2022, on behalf of EOUSA. *See* Dkt. No. 18. That motion is noticed for hearing on May 16, 2022.

If this matter is not resolved between the parties, they anticipate filing cross-motions for summary judgment and will meet and confer regarding a schedule for summary judgment briefing. The parties have agreed that no briefing will be conducted or any briefing schedule finalized until the Court issues an order on EOUSA's Motion to Dismiss.

**5.     Amendment of Pleadings**

The parties do not anticipate further amendment of the pleadings.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties are not aware of any evidence preservation issues that may affect this case.

**7.     Disclosures**

The parties agree and stipulate that initial disclosures pursuant to Federal Rule of Civil Procedure 26 are not necessary, as this is a FOIA action in which initial disclosures are typically not needed or required. Accordingly, the parties respectfully request that the court excuse them from the FRCP Rule 26 obligation to exchange initial disclosures. The parties each reserve the right to request initial disclosures if unanticipated issues or disputes arise.

**8.     Discovery**

The parties have not engaged in discovery and do not anticipate that discovery will be necessary in this case.

**9.     Class Actions**

This lawsuit is not a class action.

**10.    Related Cases**

The parties are unaware of any related cases or proceedings pending before another court.

**11.    Relief**

Plaintiffs seek declaratory relief that Defendants violated FOIA by failing to provide the requested records; by failing to provide a final determination to a FOIA request within the statutory timeframe; and by failing to provide a final determination to an appeal of an adverse FOIA

determination within the statutory timeframe. Plaintiffs also seek injunctive relief requiring Defendants to promptly release all responsive records, and will seek judgment in their favor, reasonable attorneys' fees, and costs.

Defendants seek a complete defense judgment, dismissal, and costs.

**12.    Settlement and ADR**

The parties have been and are engaged in informal discussions to resolve this matter and do not believe that ADR will be necessary. The parties thus request that any consideration of ADR be deferred until after summary judgment motions are decided.

**13.    Consent to Magistrate Judge for All Purposes**

The parties have consented to have a magistrate judge conduct all further proceedings.

**14.    Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties have met and conferred to narrow issues in dispute and will continue to do so.

**16.    Expedited Trial Procedures**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.    Scheduling**

The parties believe that a scheduling order is not necessary at this time and request that the Court continue the Case Management Conference until May 16, 2022, at 1:30pm in the afternoon. The parties will file a joint status report one week in advance of the continued Case Management Conference to describe any outstanding issues and, if needed, will submit a proposed schedule for summary judgment briefing.

**18.    Trial**

The parties anticipate that this case will be resolved on summary judgment.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs have certified that there are no non-party interests to disclose pursuant to Civil Local Rule 3-15.  *See* Dkt. No. 4.

Defendants are exempt from the requirement to file a Certification of Interested Entities or Persons under Civil Local Rule 3-15.

**20.   Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

|  |  |  |
|---|---|---|
|  | | Respectfully submitted,<br>SHAWN MUSGRAVE<br>Attorney for Plaintiffs |
| Dated: March 7, 2022 | By: | */s/ Douglas Johns*<br>DOUGLAS JOHNS<br>Assistant United States Attorney<br>Attorney for Defendants |
| Dated: March 7, 2022 | | THE CENTER FOR INVESTIGATIVE REPORTING |
|  | By: | */s/ Shawn Musgrave*<br>D. VICTORIA BARANETSKY<br>SHAWN MUSGRAVE<br>Attorneys for Plaintiffs |

**ATTESTATION**

In compliance with Civil L.R. 5-1(h)(3), I attest that I have obtained concurrence in the filing of this document from each of the other signatories.

Dated: March 7, 2022          By:   */s/ Shawn Musgrave*
                                        SHAWN MUSGRAVE

**[PROPOSED] ORDER**

Having reviewed the parties' Joint Case Management Statement, and good cause appearing therefore, IT IS SO ORDERED:

The Initial Case Management Conference scheduled for March 14, 2022 at 1:30 p.m. in San Francisco, is continued until May 16, 2022, at 1:30 p.m. in San Francisco.

Plaintiffs The Center for Investigative Reporting and Ms. Anayansi Diaz-Cortes and Defendants United States Department of Justice and United States Department of State must file a Case Management Statement by May 9, 2022.

Defendant United States Department of State must respond to Plaintiffs' FAC by March 11, 2022.

Defendant United States Department of Justice must respond to Plaintiffs' FAC within fourteen days after the Court issues an order on the Executive Office for United States Attorneys' Motion to Dismiss, or under the Federal Rules of Civil Procedure if Plaintiffs are ordered to file an amended pleading.

Dated:_____

THE HONORABLE SALLIE KIM
United States Magistrate Judge