1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   MICHELLE LO (NYRN 4325163)
3  Chief, Civil Division

4  DOUGLAS JOHNS (CABN 314798)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6961
7      FAX: (415) 436-6748
       Douglas.Johns@usdoj.gov
8
   Attorneys for Defendants
9  UNITED STATES DEPARTMENT OF
   JUSTICE AND UNITED STATES
10 DEPARTMENT OF STATE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and ANAYANSI DIAZ-CORTES,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE and U.S. DEPARTMENT OF STATE<br><br>  Defendants. | No. 21-cv-09613-SK<br><br>**UNITED STATES DEPARTMENT OF JUSTICE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>Date: May 16, 2022<br>Time: 9:30 a.m.<br>Courtroom: Courtroom C – Fifteenth Floor<br><br>Honorable Sallie Kim<br>United States Magistrate Judge |

UNITED STATES DEPARTMENT OF JUSTICE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

1

**I.      INTRODUCTION**

In cases arising under the Freedom of Information Act ("FOIA"), it is undisputed that requesters must exhaust their administrative remedies before filing a lawsuit against the agency if the agency properly responds. Here, Defendant United States Department of Justice's ("DOJ") component, the Executive Office for United States Attorneys ("EOUSA"), properly responded to Plaintiffs the Center for Investigative Reporting and Ms. Anayansi Diaz-Cortez's ("Plaintiffs") FOIA request.

EOUSA's final determination complies with FOIA's plain language. EOUSA was not required to explicitly articulate a "foreseeable harm standard." Nor was EOUSA required to state the number of pages that it was withholding under the applicable FOIA exemption. EOUSA's final determination satisfies the technical requirements of a proper response under FOIA.

Ultimately, Plaintiffs failed to appeal EOUSA's final determination because of oversight. Plaintiffs admit that they were not aware of EOUSA's final determination until after they filed a lawsuit against it. Plaintiffs also admit that they even appealed the responses of two other DOJ components that allegedly suffered from the deficiencies as EOUSA's final determination.

Plaintiffs cannot explain why they would appeal two other responses that they allege were technically improper but not EOUSA's final determination. Plaintiffs do not cite any law or case that supports waiving the administrative exhaustion requirement is appropriate for cases involving oversight or mistake. Instead, Plaintiffs speculate that it would have been futile to appeal EOUSA's final determination. But Plaintiffs' do not know if an appeal to EOUSA would have been futile because they never appealed EOUSA's final determination.

This Court should dismiss Plaintiffs' lawsuit with prejudice as to EOUSA for failing to exhaust their administrative requirements as to it. This Court should reject Plaintiffs' request to waive the administrative exhaustion requirement because of their oversight.

UNITED STATES DEPARTMENT OF JUSTICE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

## II. ADDITIONAL FACTUAL BACKGROUND

Plaintiffs include additional material facts in their Opposition.[1] Those additional material facts were not alleged in Plaintiffs' First Amended Complaint for Injunctive Relief ("FAC"). Those additional material facts are set forth below.

In August 2021, Plaintiffs submitted four separate FOIA requests to Defendant United States Department of State and three components within DOJ. *See* Pls.' Opp'n to Def.'s Mot. to Dismiss First Am. Compl. for Injunctive Relief, at 2, ECF No. 24, Apr. 1, 2022 ("Opposition"). One of those components was EOUSA. *See id.*

Like EOUSA, the two other DOJ components, the Criminal Division and the Drug Enforcement Administration, responded to Plaintiffs' FOIA requests. *See id.* Plaintiffs appealed the Criminal Division and the Drug Enforcement Administration's responses to their FOIA requests. *See id.* Plaintiffs appealed those responses even though those responses did not address the "foreseeable ham standard." *See id* at 3. n. 2. Plaintiffs state that they appealed the Criminal Division and the Drug Enforcement Administration's responses to their FOIA requests "for expediency and thoroughness." *See id.*

Plaintiffs admit in their Opposition that they were not aware of EOUSA's final determination to their FOIA request before filing their Complaint. *See id.* at 3. Plaintiffs admit that they first learned about EOUSA's final determination to their FOIA request from counsel for Defendant after they already filed their Complaint. *See id.*

Plaintiffs do not dispute that they received EOUSA's final determination about their FOIA request on September 28, 2021. *See* Pls.' First Am. Compl. for Injunctive Relief ("FAC"), ¶ 52, ECF No. 15, Feb. 18, 2022. Plaintiffs' admissions in their Opposition undermine their arguments and positions.

---

[1] Typically, a court cannot consider evidence outside of the pleadings when ruling on a motion to dismiss. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012) (explaining when a court can consider evidence outside of the pleadings when ruling on a motion to dismiss). Plaintiffs offer no explanation for why their outside proffered evidence is proper for the Court to consider. Defendant does not object to Plaintiffs' outside proffered evidence because it supports Defendant's positions.

## III. ARGUMENT

### A. EOUSA issued a final determination to Plaintiffs about their FOIA request, but Plaintiffs did not appeal that final determination.

EOUSA's final determination was proper under FOIA and the cases interpreting it. Under FOIA, EOUSA did not have to explicitly articulate any alleged "foreseeable harm" in its final determination. Nor was EOUSA required to state the number of pages being withheld under Exemption 7(A). Plaintiffs simply failed to appeal EOUSA's final determination. Plaintiffs admitted that in their Opposition. *See* Opposition, at 3.

#### 1. EOUSA properly responded to Plaintiffs' FOIA request.

FOIA provides that "[e]ach agency, upon any request for records . . . shall . . . determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of . . . such determination and the reasons therefor." *See* 5 U.S.C. § 552 (a)(6)(A)(i)(I). An agency must provide a "determination" with respect to a FOIA request. *See Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015). The agency must inform the requester what documents it will produce and the exemptions it will claim in withholding documents. *See id.* If the agency refuses to produce records, it must tell the requester "the right of such person to appeal to the head of the agency . . . that is not less than 90 days after the date of the adverse determination." *See* 5 U.S.C. § 552 (a)(6)(A)(i)(III)(aa).

On September 28, 2021, EOUSA provided Plaintiffs with a final determination about their FOIA request. *See* FAC at ¶ 52. In that final determination, EOUSA states that it processed Plaintiffs' FOIA request. *Id.* at ¶ 52, Ex. S, p. 2. EOUSA's final determination states that it is the "**final action**" on Plaintiffs' FOIA request. *Id.* at ¶ 52, Ex. S, p. 3.

It would be difficult for Plaintiffs to argue that EOUSA did not provide them with a "determination" about their FOIA request. *See Our Children's Earth Found.,* 85 F.Supp.3d at 1089 (stating that an agency must provide a "determination" with respect to a FOIA request). As Plaintiffs recognize, the agency must provide enough information to the requester to determine if the requester "has all that he needs to appeal." *See* Opposition, at 4 (internal quotations omitted). EOUSA did that.

UNITED STATES DEPARTMENT OF JUSTICE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

4

And Plaintiffs admit that they appealed the Criminal Division and the Drug Enforcement Administration's responses to their FOIA requests that provided the same information. *See id.* at 3 n. 3; *see id.* at 7 n. 9. Plaintiffs offer no explanation for their conduct.

EOUSA also provided Plaintiffs with the "reasons" for its final determination. 5 U.S.C. § 552 (a)(6)(A)(i)(I). That is, EOUSA invoked Exemption 7(A) to justify not producing any records. *See* FAC, at ¶ 52, Ex. S, p. 2. EOUSA provided Plaintiffs with an explanation of Exemption 7(A). *See Id.* at ¶ 52, Ex. S, p. 4. EOUSA informed Plaintiffs of their right to appeal its final determination. *See id.* EOUSA sent Plaintiffs its contact information, so they could seek any additional or clarifying information about its final determination. *Id.* at ¶ 52, Ex. S, p. 3. Plaintiffs do not allege that they attempted to contact EOUSA in any manner after receiving its final determination.

EOUSA's final determination plainly complies with FOIA's plain language. EOUSA's final determination complies with the cases decided in the Ninth Circuit analyzing an agency's response to a FOIA request. Because EOUSA provided Plaintiffs with a proper final determination, they were required to appeal and exhaust their administrative remedies before filing a lawsuit against it.

**2.     EOUSA was not required to explicitly articulate "foreseeable harm" in its final determination.**

FOIA further provides that "[a]n agency shall . . . withhold information under this section only if . . . the agency reasonably foresees that disclosure would harm an interest protected by an exemption." *See* 5 U.S.C. § 552 (a)(8)(A)(i)(I). Without a citation to FOIA or any case, Plaintiffs confidently state that "foreseeable harm is one of the required 'reasons' an agency must provide to justify withholding records under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), in addition to any applicable exemptions." Opposition, at 5. And again, without a citation to FOIA's actual text or any case, Plaintiffs confidently state that "under FOIA as revised by the FIA, an agency must communicate *both* any applicable exemptions *and* foreseeable harm as its 'reasons' for withholding." *See id.* at 6 (emphasis in original).

Plaintiffs conflate what an agency must consider with the technical requirements of a response. EOUSA concedes that it must not withhold information unless it "reasonably foresees that disclosure would harm an interest protected by an exemption." *See* 5 U.S.C. § 552 (a)(8)(A)(i)(I). Under FOIA,

UNITED STATES DEPARTMENT OF JUSTICE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

5

EOUSA must consider that.

But FOIA does not require EOUSA to articulate that consideration in its response to a FOIA request. *See* 5 U.S.C. § 552 (a)(6)(A)(i)(I). Rather, under FOIA's plain language, EOUSA was only required to notify the requester of its determination and the "reasons therefor." *See id.*

The cases cited by Plaintiffs in their Opposition do not support their argument that an agency must explicitly articulate their proposed foreseeable harm standard in a FOIA response. *See* Opposition, at 6; *see also Ctr. for Investigative Reporting v. Customs & Border Prot.*, 424 F.Supp.3d 771, 780 (N.D. Cal. 2019) (failing to analyze whether a foreseeable harm standard is required in a FOIA determination in a case decided on cross-motions for summary judgment). Plaintiffs are confusing FOIA-required technical components of a response with other FOIA-required considerations. Those are not synonymous; FOIA's plain text confirms that.

In a footnote, Plaintiffs admit that in *Khine v. Department of Homeland Security*, 334 F.Supp.3d 324, 330 n.4 (D.D.C. 2018), the district court explicitly rejected the argument they are making now. The district court explained that the foreseeable harm "provision merely establishes the standard for when an agency may withhold information, stating that withholding is appropriate only if 'the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection [552(b) ].'" *See id.* (citing *See* 5 U.S.C. § 552 (a)(8)(A)(i)(I)). The district court concluded that the foreseeable harm "provision does not require the agency to disclose information to a FOIA requester outside of the disclosures required by § 552(a)(6)(A)(i)." *See id.* Defendant is arguing precisely that point.

FOIA does not require that the foreseeable harm consideration be articulated in a response. Plaintiffs are asking this Court to impose additional requirements beyond what FOIA explicitly mandates. Defendant respectfully requests that this Court analyze EOUSA's final determination based on FOIA's plain language. *See Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019) (holding that in interpreting FOIA, "a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself"); *see also* Opposition, at 5 (same).[2]

---

[2] The Attorney General's 'Memorandum for Heads of Executive Departments and Agencies" about "Freedom of Information Act Guidelines" was issued after EOUSA provided Plaintiffs with its

### 3. EOUSA was not required to state the specific number of records being withheld in its final determination.

In its response to Plaintiffs' FOIA request, EOUSA was only required to state what records it will produce and the exemptions it will claim in withholding records. *See Our Children's Earth Found.*, 85 F.Supp.3d at 1089. EOUSA's final determination states that it will not produce any documents under Exemption 7(A). *See* FAC, ¶ 52, Ex. S, p. 2. But Plaintiffs continue to insist that EOUSA was required to state the "scope of withheld documents" in its final determination. *See* Opposition, at 7.

Plaintiffs primarily rely on *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013) ("*CREW*").[3] Plaintiffs are stretching *CREW* to support their failure to appeal.

In *CREW*, the court explained that an "agency simply needs to express a future intention to produce non-exempt documents and claim exemptions." *Id.* at 185. The court further explained that "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemption." *See id.*

The holding of *CREW* also does not support Plaintiffs' position. *CREW* analyzed a technical dispute different from the technical dispute at issue here. *See CREW,* 711 F.3d at 190 (concluding that the agency did not make and communicate a "determination" within 20 working days of receiving CREW's FOIA request, so CREW was deemed to have exhausted its administrative appeal remedies). "*CREW* held that when an agency fails to respond to a FOIA request within the statutory timeline, it cannot invoke an administrative exhaustion argument to keep cases out of court." *See Brown v. U.S. Customs & Border Protection*, 132 F.Supp.3d 1170, 1173 (N.D. Cal. 2015). That was the "sole question" presented in *CREW. See id.*

---

final determination. For that reason, the Memorandum had no effect on Plaintiffs' failure to appeal EOUSA's final determination. It was not even issued yet.

[3] Plaintiffs cite DOJ's FOIA Guidelines in support of their argument. But it is unclear if Plaintiffs are citing DOJ's FOIA Guidelines or the webpage entitled "FOIA Update: FOIA Counselor: Questions & Answers." The link provided by Plaintiffs in their Opposition is to that webpage. *See* Opposition, at 8 n. 10.

UNITED STATES DEPARTMENT OF JUSTICE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

1    EOUSA's final determination comports with *CREW*.  EOUSA told Plaintiffs that it would not
2 produce any records under Exemption 7(A). *See* FAC, ¶ 52, Ex. S, p. 2. EOUSA told Plaintiffs that it
3 would not withhold any records because it was relying on Exemption 7(A) in not producing any records.
4 That is all *CREW* requires.

5    Notwithstanding, *CREW* is factually distinguishable from this case. The parties in *CREW*
6 conferred over the course of several months about the FOIA request at issue. *See CREW,* 711 F.3d at
7 183. The agency even produced records to the requesting party three separate times. *See id.* And in the
8 final production of records, the agency told the requesting party that it both withheld and redacted some
9 records under FOIA exemptions. *See id.*

10    Unlike the parties in *CREW*, Plaintiffs never contacted EOUSA about its final determination.
11 EOUSA provided Plaintiffs with its contact information, so they could seek additional or clarifying
12 information about its final determination. *Id.* at ¶ 52, Ex. S, p. 3. Unlike the parties in *CREW*, Plaintiffs
13 did not utilize any of the outlined methods of communications in EOUSA's final determination.
14 Plaintiffs do not allege that they called EOUSA or attempted to communicate with it in writing after
15 receiving its final determination.

16    Plaintiffs admit that they did not know about EOUSA's final determination until after they filed
17 a lawsuit against it. *See* Opposition, at 3. *CREW* does not support Plaintiffs' legal positions, and it is
18 factually distinguishable from this case.

19    The other cases cited by Plaintiffs either support EOUSA's position or were decided in different
20 contexts from this case. For example, in *National Security Counselors v. Central Intelligence Agency*,
21 No. 12-284, 2013 WL 12324697, at * 2 (D.D.C. June 13, 2013), the court rejected the plaintiffs'
22 argument that *CREW* requires an agency to give an estimate of the volume of withheld records. That is
23 what Plaintiffs are arguing in this case. The court explained that it "does not read the decision in *CREW*
24 to require agencies provide a volume estimate of withheld material before a requester is required to
25 pursue an administrative appeal." *See id.*

EOUSA provided Plaintiffs with the information required under FOIA. EOUSA was not required to state the specific number of records being withheld under *CREW*. More importantly, EOUSA provided Plaintiffs with all of the necessary information that they needed to appeal. In fact, Plaintiffs appealed the responses by the Criminal Division and the Drug Enforcement Administration that provided the same information as EOUSA's final determination. *See* Opposition, at 3 n .2; *see also id.* at 7 n. 9.

### B.  This Court should not waive the exhaustion requirement because of Plaintiffs' oversight.

Plaintiffs want a do-over for their FOIA request to EOUSA. In their Opposition, Plaintiffs admit that they were not aware of EOUSA's final determination until after they filed their Complaint. *See* Opposition, at 3. Plaintiffs do not dispute that they received EOUSA's final determination on September 28, 2021. *See* FAC, at ¶ 52.

Plaintiffs also admit that they appealed the Criminal Division and Drug Enforcement Administration's responses even though they argue those responses were also not final determinations under FOIA. *See* Opposition at 3 n. 2. In other words, Plaintiffs admit that they appealed two other final determinations that provided the same information as EOUSA's final determination. *See id.*

Plaintiffs explicitly and implicitly admit that their oversight caused their current predicament. This Court should not provide Plaintiffs with a do-over for lack of oversight. Plaintiffs fail to cite any case to support the proposition that a party's oversight and potential mistake constitutes good cause to waive the administrative exhaustion requirement.

 Plaintiffs' argument that an appeal to EOUSA would have been futile is speculative. *See* Opposition, at 9. EOUSA is a separate component from DOJ's Criminal Division and Drug Enforcement Administration. Plaintiffs do not know if any appeal to EOUSA would have been futile because they never appealed its final determination at all.

Similarly, Plaintiffs' argument that they will eventually have to file another lawsuit against EOUSA is speculative. Plaintiffs do not know the outcome of a future FOIA request to EOUSA because it has not happened. Accordingly, Plaintiffs' argument in support of waiving the administrative exhaustion requirement to promote judicial economy lacks merit.

UNITED STATES DEPARTMENT OF JUSTICE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK

9

This is not a case in which it would be appropriate to waive the administrative exhaustion requirement. Counsel's oversight does not excuse compliance with administrative exhaustion. This Court should reject Plaintiffs' request to exercise its discretion and waive the administrative exhaustion requirement.

### C. Plaintiffs were required to exhaust their administrative remedies as to EOUSA but failed to do so.

The exhaustion of administrative remedies serves to protect administrative agency authority and promote judicial efficiency. *See Aguirre v. U.S. Nuclear Regulatory Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021). It also allows agencies to correct their mistakes and creates a useful record should judicial review become necessary. *See id.* "[A] requester must exhaust his administrative remedies under FOIA so long as an agency properly responds before suit is filed." *Id.* at 726.

Plaintiffs were required to exhaust their administrative remedies as to EOUSA before filing a lawsuit against it. For the reasons set forth above, EOUSA issued a proper final determination to Plaintiffs under FOIA. *See* 5 U.S.C. § 552 (a)(6)(A)(i)(I). EOUSA told Plaintiffs that it would not produce any documents under Exemption 7(A). *See* FAC, ¶ 52, Ex. S, p. 2. EOUSA gave Plaintiffs an explanation of Exemption 7(A). *See id.* ¶ 52, Ex. S, p. 4.

EOUSA notified Plaintiffs of their right to appeal its final determination. *See* FAC, ¶ 52, Ex. S, p. 3. EOUSA provided Plaintiffs with the opportunity to seek additional or clarifying information about its final determination. *See id.* Plaintiffs failed to take advantage of that opportunity.

EOUSA's final determination also provides Plaintiffs with information pertaining to the Office of Government Information Services. *See* FAC, ¶ 52, Ex. S, p. 4. Plaintiffs do not allege that they contacted the Office of Government Information Services to resolve any dispute between them and EOUSA.

Based on their admissions in their Opposition, Plaintiffs did not exhaust their administrative remedies. *See* Opposition, at 3. Allowing Plaintiffs to circumvent administrative remedies allows them to "cut the line" by going straight to litigation. That is not the law. This Court should grant Defendant's Motion to Dismiss because Plaintiffs failed to exhaust their administrative remedies as to EOUSA before filing a lawsuit against it.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Defendant's Motion to Dismiss with prejudice as to EOUSA.

Respectfully submitted,

STEPHANIE HINDS
United States Attorney

DATED: April 15, 2022

*/s/ Douglas Johns*
DOUGLAS JOHNS
Assistant United States Attorney
Attorneys for Defendants

UNITED STATES DEPARTMENT OF JUSTICE'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF; NO. 21-CV-09613-SK