UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THE CENTER FOR INVESTIGATIVE REPORTING, et al., | Case No. 21-cv-09613-SK |
|---|---|
| Plaintiffs, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| U. S. DEPARTMENT OF JUSTICE, et al., | Regarding Docket No. 18 |
| Defendants. | |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant United States Department of Justice ("DOJ") based on the failure to exhaust administrative remedies as to the Executive Office for United States Attorneys ("EOUSA"). Having carefully considered the parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral argument, the Court hereby DENIES the motion by the DOJ for the reasons set forth below.

**BACKGROUND**

Plaintiffs the Center for Investigative Reporting and Anayansi Diaz-Cortez's (collectively, "Plaintiffs") filed a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the EOUSA, the DOJ Criminal Division ("DOJ-CRM"), the United States Drug Enforcement Administration ("DEA"), and the United States Department of State (hereinafter "State Department"). (Dkt. No. 15 (First Amended Compl.).) Plaintiffs allege that the DOJ-CRM, the EOUSA, and DEA are all components of the DOJ. (*Id*., ¶ 18.)

In August 2021, Plaintiffs submitted FOIA requests to these four entities (DOJ-CRM, EOUSA, DEA, and the State Department (collectively, "Defendant Agencies")), seeking records related to the Mexican government's request to the United States government under the Mutual Legal Assistance Cooperation Treaty with Mexico for evidence regarding General Salvador Cienfuegos Zepeda. Plaintiffs allege that the Defendant Agencies have improperly withheld

documents under FOIA. (*Id*., ¶¶ 7, 8.)

Plaintiffs submitted their FOIA request to the DOJ-CRM on August 7, 2021, which the DOJ-CRM denied on September 21, 2021. (*Id*., ¶¶ 31, 34, Ex. H.) Plaintiffs also submitted their FOIA request to the DEA on November 7, 2021, which the DEA denied on October 22, 2021. (*Id*., ¶¶ 41, 44, Ex. O.) On November 2, 2021, Plaintiffs sent an administrative appeal letter to the DOJ Office of Information Policy ("DOJ-OIP") regarding the denials by the DOJ-CRM and DEA. (*Id*., ¶¶ 35, 45, Ex. J.) Plaintiffs allege, and the DOJ does not dispute, that Plaintiffs exhausted their administrative remedies with respect to their FOIA request to the DOJ-CRM and DEA. (*Id*., ¶¶ 40, 48.)

Plaintiffs sent their FOIA request to the State Department on August 7, 2021, as well. (*Id*., ¶ 55.) Plaintiffs allege that the State Department failed to issue a final determination to their FOIA request and that, as a result, Plaintiffs have exhausted their administrative remedies with respect to the State Department. (*Id*., ¶¶ 57-59.)

Plaintiffs also submitted a FOIA request to the EOUSA on August 7, 2021, which the EOUSA denied in a letter dated September 28, 2021. (*Id*., ¶¶ 49, 52, Ex. S.) The letter states, in pertinent part:

> To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

(*Id*., Ex. S.) The letter further states that the EOUSA will release no documents and that the EOUSA had reviewed the withheld documents to determine if any information could be segregated for relief. (*Id*.) The letter states that the EOUSA withheld documents pursuant to exemption (7)(A) of FOIA. (*Id*.) The letter also states:

> This is the final action on this above-numbered request. If you are not satisfied with my response to your request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice . . .or

2

> you may submit an appeal through OIP's FOIA STAR portal . . . . Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.

(*Id.*)

The parties dispute whether the EOUSA's letter constitutes a final determination under FOIA which triggered Plaintiffs' obligation to exhaust their administrative remedies by filing an administrative appeal. The DOJ argues that the letter was a final determination and moves to dismiss Plaintiffs' complaint as to the EOUSA because Plaintiffs failed to exhaust their administrative remedies.

## ANALYSIS

"FOIA requires federal agencies to disclose information to the public upon request[.]" *Aguirre v. United States Nuclear Regulatory Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021) (citing 5 U.S.C. § 552(a)(3)(A).) The "agency must provide a 'determination' with respect to a FOIA request" within a certain timeframe. *See Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015) (citing 5 U.S.C. § 552(a)(6)(A)(i)-(ii)). To constitute a "determination" under FOIA:

> the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

*Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (referred to as "*CREW*"); *see also Our Children's Earth Found.*, 85 F. Supp. 3d at 1089 (responding agency must "at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions.") (citing *Crew* 711 F.3d at 184).

If a person or entity who submits a request for information under FOIA (a "requestor") is dissatisfied with the agency's response, the requestor "can challenge it in court but must first exhaust available administrative remedies, including an appeal within the agency." *Aguirre*, 11 F.4th 719, 725. (citing 5 U.S.C. § 552(a)(6)(A)(i)-(ii), (C)(i)). The exhaustion requirement "serves to 'protect[ ] administrative agency authority and promot[e] judicial efficiency.'" *Id*. (quoting

3

*McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Additionally, the exhaustion requirement "allows agencies to correct their mistakes and creates a useful record 'should judicial review become necessary.'" *Id*. (quoting *Amerco v. NLRB*, 458 F.3d 883, 888 (9th Cir. 2006). Exhausting administrative remedies "under FOIA is a prudential rather than jurisdictional consideration, however, so courts can waive the requirement when, for example, further administrative proceedings would prove futile." *Id*. (citing *Yagman v. Pompeo*, 868 F.3d 1075, 1083-84 (9th Cir. 2017)).

Plaintiffs make two arguments in response to DOJ's motion to dismiss: (1) that the letter from the EOUSA did not constitute a "final determination" under FOIA, and alternatively (2) the Court should excuse the requirement of exhaustion.

**A.     Final Determination.**

Plaintiffs argue that the letter from the EOUSA did not constitute a "final determination" to trigger the exhaustion requirement because the EOUSA failed to address the foreseeable harm standard. FOIA provides that the responding agency must "notify" the requestor of: (1) its "determination and the reasons therefor;" (2) the requestor's right "to seek assistance from the FOIA Public Liaison of the agency; and" (3) the requestor's right "to appeal to the head of the agency" and "to seek dispute resolution services. . . ." 5 U.S.C. § 552(a)(6)(A)(i). In another subsection, the statute states that the responding agency "shall . . . withhold information under this section only if . . . the agency reasonably foresees that disclosure would harm an interest protected by an exemption. . . ." 5 U.S.C. § 552(a)(8)(A)(i). The subsection which requires the agency to address reasonable foreseeability does not require the agency to disclose or otherwise notify the requestor of this analysis. *See Khine v. United States Dep't of Homeland Sec.*, 334 F. Supp. 3d 324, 330 n. 4 (D.D.C. 2018) (holding reasonable foreseeability "provision merely establishes the standard for when an agency may withhold information," not a disclosure requirement; FOIA "does not require the agency to disclose information to a FOIA requester outside of the disclosures required by § 552(a)(6)(A)(i)"). Thus, the EOUSA was not required to provide its rationale that it reasonably foresees that disclosure would harm an interest protected by an exemption when it provided its letter denying Plaintiffs' FOIA request.

4

Next, Plaintiffs argue that FOIA requires a responding agency to provide some indication regarding the scope or volume of records being withheld based upon an exemption. FOIA provides that, "[i]n denying a request for records, in whole or in part, an agency shall make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request. . . ." *See* 5 U.S.C. § 552(a)(6)(F). However, the Court did not find, and Plaintiffs did not cite to, any authority requiring a responding agency to provide a volume estimate of the documents it withholds to constitute a final determination triggering an exhaustion requirement.

One court specifically analyzed and rejected the argument that an agency must provide an estimate of volume to trigger the exhaustion requirement. *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 95 (D.D.C. 2013). As the court explained, there are "two ways for a requester to exhaust administrative remedies: actual exhaustion and constructive exhaustion." *Id*. Actual exhaustion occurs when a requester administratively appeals a determination to the agency head. *See Hull v. United States Attorney*, 279 F. Supp. 3d 10, 12 (D.D.C. 2017) (citing 5 U.S.C. § 552(a)(6)(A)). In contrast, constructive exhaustion occurs "[w]hen an agency fails to respond to a FOIA request" within the required time. *Nat'l Sec. Counselors*, 931 F. Supp. 2d at 95. The court examined the statute and concluded that only a failure to respond within the statutory-required time period constituted "constructive exhaustion" to excuse the exhaustion requirement. *Id*. at 96-97 (citing 5 U.S.C. § 552(a)(6)(C)(i) which states that a requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."). In other words, whether an agency violates the requirement in FOIA to provide an estimate of volume under Section 552(a)(6)(F) is a separate issue from whether a violation of that requirement constitutes constructive exhaustion sufficient to excuse an obligation to administratively appeal before filing a lawsuit.

After *CREW*, the court in *National Security Counselors* considered and rejected the proposition that *CREW* constituted a change in law requiring an agency to provide an estimate regarding the volume of documents it withholds to trigger the exhaustion requirement. *See National Security Counselors v. Central Intelligence Agency*, 2013 WL 12324697, at * 2 (D.D.C.

5

June 13, 2013). The court held that the D.C. Circuit's use of the word "scope" in *CREW* did not "require agencies to provide a volume estimate of withheld material before a requester [is] required to pursue an administrative appeal." *Id*. The court noted that the D.C. Circuit was not concerned with any volume estimate in *CREW* and that, while the D.C. Circuit closely scrutinized the text and structure of several FOIA provisions in reaching its holding, the Circuit did not ever cite or reference FOIA's volume-estimate requirement. *National Security*, 2013 WL 12324697, at * 3 (citing *CREW*, 711 F.3d at 189).

Plaintiffs primarily rely on *Crew*, which held that a "determination" requires the agency to "determine and communicate the scope of the documents it intends to produce and withhold." *CREW*, 711 F.3d at 188. However, communicating the "scope" of documents does not necessarily require an estimate of volume. As another court found, communicating that the agency would not produce any records did communicate the scope – as the scope is none. *Machado Amadis v. Dep't of Just.*, 388 F. Supp. 3d 1, 12 (D.D.C. 2019). In terms of the communicating the scope of the documents withheld, the EOUSA similarly communicated that scope – none.

Plaintiffs also rely on *Western Resources Legal Center v. National Oceanic and Atmospheric Administration*, 2020 WL 6829767, at *5 (D. Or. Nov. 20, 2020), but that case fails to support Plaintiffs' argument that failure to provide an estimate of volume triggers exhaustion. In *Western Resources*, the agency produced six interim responses. *Id*. at *5. Each interim response was labeled as "interim" and stated: "Although we do not consider this a denial of your request, you have the right to file an administrative appeal if you are not satisfied with our response to your FOIA request." *Id*. at *2, 5. The court merely held that such interim responses did not trigger the exhaustion requirement, noting that the interim responses failed to inform the requestor "of what the agency intended to produce or withhold in response to the entire request." *Id*. at *5.

In contrast, here, the EOUSA clearly stated what it intended to produce in response to Plaintiffs' request – none. The EOUSA also told Plaintiffs the reason for withholding documents – Exemption 7(A), informed Plaintiffs that it was the agency's "final action" in response to Plaintiffs' FOIA request, and informed Plaintiffs' of their right to administratively appeal the

6

determination. (Dkt. No. 15, Ex. S.) The Court thus finds that the EOUSA's letter was sufficient to trigger Plaintiffs' exhaustion requirement.

### B.  Waiving Requirement of Exhaustion.

Alternatively, Plaintiffs argue that, even if the EOUSA's letter was sufficient to trigger the exhaustion requirement, the Court should waive the requirement of exhaustion for swift resolution of this case and judicial economy. Plaintiffs contend that the Court should exercise its prudential discretion to waive exhaustion because the same agency – the DOJ – had an opportunity to administratively consider Plaintiffs' appeal on two other FOIA requests regarding the same subject matter and because the DOJ's failure to timely respond to that appeal shows any appeal regarding the EOUSA's determination would be futile. "Exhaustion under FOIA is a prudential rather than jurisdictional consideration, however, so courts can waive the requirement when, for example, further administrative proceedings would prove futile. *Aguirre*, 11 F.4th at 725 (citing *Yagman*, 868 F.3d at 1083-84). Thus, for example, one court found waiver appropriate where plaintiffs who failed to exhaust raised the same claims as a party who had exhausted remedies. *Nat'l Sec. Counselors v. Dep't of Justice*, 848 F.3d 467, 470 (D.C. Cir. 2017). There, the Court found that the policy behind the requirement of exhaustion – allowing the agency to correct its mistakes and develop a record for the district court – did not exist because of the similarity of the exhausted and non-exhausted FOIA requests. *Id*.

Here, if the Court were to hold Plaintiffs to the requirement of exhaustion of their FOIA request against the EOUSA and dismiss this portion of the case, Plaintiffs would simply re-file the FOIA request and, if denied again, re-file in this Court. Given that Plaintiffs will litigate the denial of the other FOIA requests – which address the same subject – against the other Agency Defendants, judicial economy favors addressing all of the FOIA requests at the same time. Although it is not certain that the EOUSA would take the same position that the other Agency Defendants did in an administrative appeal, if the EOUSA did take the same position, addressing that position in a separate lawsuit would be a waste of the parties' and judicial resources. Therefore, the Court will exercise its judicial discretion and excuse the exhaustion requirement. Accordingly, the Court DENIES the DOJ's motion to dismiss as to the EOUSA based on

Plaintiffs' failure to exhaust.

## CONCLUSION

For the foregoing reasons, the Court DENIES DOJ's motion to dismiss as to the EOUSA. The Court SETS a Case Management Conference for June 13, 2022. The parties shall file an updated joint case management statement by no later than June 6, 2022.

**IT IS SO ORDERED**.

Dated: May 19, 2022

SALLIE KIM
United States Magistrate Judge