UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U. S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Case No.  21-cv-09613-SK<br><br>**NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 23, 2023 AT 9:30 A.M.  The Court intends to address the questions below at the hearing.  The Court advises the parties that it will not accept written answers to this question.

The parties shall be prepared to address the following questions at the hearing:

(1) In light of the disclosures made by both the United States and Mexico concerning the criminal investigation by the United States into General Salvador Cienfuegos Zepeda ("Cienfuegos") and his arrest, the publicly filed documents in Cienfuegos' criminal case in the Eastern District of New York such as the indictment, the hundreds or thousands of documents released by Mexico, and Cienfuegos' position as a highly ranked public official in Mexico, what specific remaining privacy interest do Defendantd contend that Cienfuegos has in the documents covered by the FOIA requests?  Moreover, the Court notes that the FOIA requests are limited to documents and communications created between September 1, 2020, to December 31, 2020, that pertain to Mexico's interest in accessing information obtained in the course of the Cienfuegos investigation, and therefore are not

|  |  |
|---|---|
|  | seeking extensive documents created during the lengthy investigation into Cienfuegos by the United States.  (Dkt. No. 15 (First Amend. Compl.), ¶¶ 32, 33, 41, 42, 49, 50, 55, 56.) |
| (2) | Other than a *Glomar* response, what, if any, categorical exemptions do Plaintiffs contend are permitted in the Ninth Circuit.  If non-*Glomar* categorical exemptions are permitted in the Ninth Circuit, what is the standard for determining whether a categorical exemption is allowed in a particular case? |
| (3) | The FOIA requests seek "all records related in whole or in part to a request for assistance from the Mexican government – whether by the Mutual Legal Assistance Treaty (MLAT), letter rogatory, or some other diplomatic communication – regarding the criminal case United States of America v. Salvador Cienfuegos Zepeda (CR 19-366)."  The FOIA requests are limited to documents and communications created during the period of September 1, 2020, to December 31, 2020.  (Dkt. No. 15, ¶¶ 32, 33, 41, 42, 49, 50, 55, 56.)  Do these FOIA requests include documents and communications related to the United States' decision to drop the criminal charges against Cienfuegos and release him?  Why or why not? |
| (4) | The Court notes that neither party filed proposed orders with their motions for summary judgment.  If the Court finds that Defendants erred in categorically denying Plaintiffs' FOIA requests, what is the next step?  In other words, should the Court remand the FOIA requests back to Defendants to conduct a search and review the responsive documents in the first instance or should the Court order Defendants to conduct a search and provide the responsive documents to the Court for an *in camera* review with a *Vaughn* index? |
| (5) | Plaintiff references four official press statements released by Fiscalía General de la República ("FGR"), at least one of which is only a link to a press release in Spanish.  (Dkt. No. 39 at p. 23, n. 14.)  Where and when were these four official |

/ / /

/ / /

press statements made?  Do Plaintiffs have certified English translations of the official press statements made in Spanish?

**IT IS SO ORDERED**.

Dated: January 18, 2023

_____
SALLIE KIM
United States Magistrate Judge